516 A.2d 701

Doris LYLES, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION,

and

City of Philadelphia

and

Essie L. Francis, Appellees.

Supreme Court of Pennsylvania.

Oct. 23, 1986.

Stephen M. Feldman, Philadelphia, for appellant.

Gary B. Gilman, Philadelphia, for Dept. of Transp.

Andrew S. Gordon, Sr. Deputy Atty. Gen., Allen C. Warshaw, Deputy Atty. Gen., Barbara R. Axelrod, Philadelphia, for City of Phila./amicus curiae.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Doris Lyles was rendered a quadraplegic when she was injured in an automobile accident on March 11, 1979 on the Schuylkill Expressway in Philadelphia. The accident occurred when the automobile in which she was riding struck a pool of water on the road. In the lawsuit that followed, Ms. Lyles sued the Department of Transportation of Pennsylvania, which had designed the highway and was respon-

sible for its maintenance and repair. The Department of Transportation, in turn, joined the City of Philadelphia and the driver of the automobile as additional defendants. Although Ms. Lyles also filed separate actions against the City of Philadelphia and certain employees of the Department of Transportation, these actions were discontinued, and Ms. Lyles settled the action against the City of Philadelphia on the first day of trial by executing a joint tortfeasor's release in the amount of $500,000.

A jury found against the Commonwealth and awarded Ms. Lyles $750,000; but the jury returned a verdict in favor of the additional defendants, the City and the driver. Ms. Lyles then moved to mold the verdict to add damages for delay pursuant to Pa.R.C.P. 238, and the Commonwealth moved, *inter alia*, to mold the verdict pursuant to the $250,000 limitation of liability required by the Limitations on Damages provision of the Sovereign Immunity Act, currently found at 42 Pa.C.S.A. § 8528.[1] The trial court granted the Commonwealth's motion to mold the verdict to $250,000, and denied Ms. Lyles' motion to add delay damages. Commonwealth Court, sitting en banc, affirmed the molding of the verdict to $250,000, but reversed the trial court on the issue of delay damages. For the reasons that follow, we affirm.

The issues on this appeal are whether the statutory limitation of damages recoverable against the Commonwealth is constitutional under the Pennsylvania and United States Constitutions. In particular, at issue is whether this limitation on damages violates Article III, Section 18 of the Pennsylvania Constitution, and, secondly, whether it violates the Equal Protection provision of the United States Constitution and Article III, Section 32 of the Pennsylvania Constitution.

1. At the time of the accident, the applicable statute was Section 511 of the Judicial Code, *formerly* 42 Pa.C.S. § 5111. Section 5111 was repealed by the Act of October 5, 1980, P.L. 693, 42 Pa.C.S.A. 8528, which is the current codification of the statute.

Very recently in *Smith et. al v. City of Philadelphia and Philadelphia Gas Works*, 512 Pa. 129, 516 A.2d 306 (1986) we addressed identical questions with respect to the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8553, which limits recovery of damages arising from the same cause of action against local agencies to $500,000 in the aggregate. The only difference in principle between the *Smith* case and the case at bar is that the present case concerns a statute that limits damages which may be recovered against the Commonwealth, whereas the *Smith* case concerned a limitation on damages recoverable against political subdivisions of the Commonwealth. As we discussed in *Smith*, such a limitation of damages violates neither Article III, Section 18 of the Pennsylvania Constitution, nor the Equal Protection provisions of the federal or Pennsylvania constitutions. Since a statutory limitation on damages recoverable against political subdivisions of the Commonwealth is not unconstitutional, and since, for purposes of this case, there are no legally significant differences between a statute which limits damages recoverable against agencies of the Commonwealth and a statute which limits damages recoverable against the Commonwealth itself, the order of the Commonwealth Court, 88 Pa.Cmwlth. 509, 490 A.2d 936, is affirmed.[2]

ZAPPALA, J., files a concurring opinion which HUTCHINSON, J., joins.

LARSEN, J., files a dissenting opinion which PAPADAKOS, J., joins.

PAPADAKOS, J., files a dissenting opinion which LARSEN, J., joins.

**2.** We note that Commonwealth Court upheld the Sovereign Immunity Act against an Equal Protection challenge on an "any-rational-basis" analysis. Since, in our view, an important right is involved, the "heightened" level of scrutiny, not the any-rational-basis test is the appropriate standard of review. As in *Smith*, even under the more stringent test, the statute passes constitutional muster, for it implicates an important governmental interest—protecting the public treasury against large and unpredictable tort recoveries—which is implemented by a classification closely related to that interest.

ZAPPALA, Justice, concurring.

I concur with the result in this appeal for my reasons set forth in *Smith v. City of Philadelphia*, 512 Pa. 129, 516 A.2d 306 (1986) and *James v. SEPTA*, 505 Pa. 137, 149, 477 A.2d 1302 (1984).

HUTCHINSON, J., joins in this Concurring Opinion.

LARSEN, Justice, dissenting.

For the reasons expressed in my dissenting opinion in *Smith v. City of Philadelphia*, 512 Pa. 129, 516 A.2d 306 (1986), and those expressed in the dissenting opinion of Justice Papadakos in that case, I dissent.

PAPADAKOS, J., joins in this dissenting opinion.

PAPADAKOS, Justice, dissenting.

For the reasons expressed in my dissenting opinion in *Smith v. Philadelphia*, 512 Pa. 129, 516 A.2d 306 (1986), and those expressed in the dissenting opinion of Mr. Justice Larsen in that case, I dissent.

LARSEN, J., joins in this dissenting opinion.