784 A.2d 762

Elizabeth A. ALLEN, Appellant,

v.

Kenneth E. MELLINGER and Commonwealth of Pennsylvania,
Department of Transportation, Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 15, 1999.

Decided Aug. 20, 2001.

4

Roda & Nast, P.C., Joseph F. Roda, Eric L. Keepers, Lancaster, for Elizabeth A. Allen.

D. Michael Fisher, Attorney General, Calvin R. Koons, Sr. Chief Deputy Attorney General, John G. Knorr, III, Deputy Attorney General, for Com., Dept. of Transportation.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

ZAPPALA, Justice:

In this appeal, we re-examine the interplay between the procedural rule governing delay damages in civil actions (Pa. R.C.P.238) and the statutory provisions governing sovereign immunity (42 Pa.C.S. § 8521 et seq.) and joint and several liability (42 Pa.C.S. § 7102(b)).

On May 31, 1989, Appellant Elizabeth A. Allen commenced a personal injury action against Appellees Kenneth E. Mellinger and the Commonwealth of Pennsylvania, Department of Transportation, seeking damages related to severe injuries which she suffered in a collision between automobiles driven by herself and Mellinger.[1] Neither defendant made a written

---

1. Specifically, Allen alleged that, on December 13, 1987, her vehicle was struck by Mellinger's on Route 501 in Lebanon County as she was turning across traffic into the parking lot of a shopping establishment. Allen alleged that Mellinger was traveling at an excessive rate of speed

offer of settlement. Following trial, the jury rendered a verdict finding that all three parties were negligent, apportioning the fault twenty percent to Allen and forty percent each to Mellinger and the Department, and awarding total monetary damages of $2,883,366. Allen filed a motion seeking $1,430,077.07 in delay damages pursuant to Pa.R.C.P. 238 for the approximately seven-year period commencing with the filing of the complaint and ending on March 16, 1996, the date on which the verdict was rendered. Subsequently, Allen entered into a written agreement with Mellinger providing that, in exchange for payment of the limits of Mellinger's automobile liability insurance policy ($300,000), Allen would not undertake to execute against Mellinger's personal assets to satisfy the judgment. The agreement further specified that its terms were not intended either to reduce the amount of the verdict for which the Department would be liable, or to release Mellinger from liability to the Department for contribution with respect to either the verdict or delay damages.[2]

The trial court denied the Department's motions for new trial and judgment notwithstanding the verdict, granted the Department's motion to mold the general liability verdict to conform to the statutory cap of $250,000 imposed by 42 Pa.C.S. § 8528(b), and granted Allen's motion for delay damages on a limited basis. The limitation imposed by the trial court resulted in assessment of delay damages against the Department calculated only upon its forty-percent share of the verdict, rather than on the entire $2.9 million verdict, yielding a delay damages award of $501,654.11. In imposing this

and that the Department had recently painted lines on the highway which directed her to turn at an unsafe location.

2. The pertinent term of the agreement is as follows:

This agreement is not intended to be a pro rata or joint tortfeasor release of Mr. Mellinger's liability for either the verdict or delay damages, nor is it intended to affect in any way his liability to PennDot for contribution on either the amount of the verdict or delay damages, other than: (1) to reduce, by the amount of the $300,000 payment referred to above, the amount of the verdict for which Mellinger and PennDot are jointly and severally liable; and (2) to end, as of the date the payment of $300,000 is received by Ms. Allen's attorney, the period for which delay damages may be sought on the amount of that payment ($300,000).

limitation, the trial court acknowledged this Court's holding in *Woods v. Commonwealth, Dep't of Transp.*, 531 Pa. 295, 612 A.2d 970 (1992), that an award of delay damages against a Commonwealth party is to be calculated on the basis of the entire verdict rather than on a maximum of $250,000. Nevertheless, the court ruled that the Department was not jointly and severally liable for the entire amount of delay damages pursuant to the holding of the Commonwealth Court in *United States Fidelity & Guaranty Co. v. Royer Garden Center and Greenhouse, Inc.*, 143 Pa.Cmwlth. 31, 598 A.2d 583 (1991), *alloc. denied*, 530 Pa. 663, 609 A.2d 170 (1992). Additionally, the court noted that as part of the settlement agreement, Allen had agreed to forego any attempt to collect delay damages from Mellinger.

On appeal, the Commonwealth Court affirmed, also relying upon the rationale of *Royer Garden.* With regard to *Woods,* the Commonwealth Court stated that the decision:

> simply stands for the proposition that an award of delay damages against the Commonwealth be calculated on the entire verdict against the Commonwealth party and not just the amount of the statutory cap. *Woods* does *not* stand for the proposition that the Commonwealth shall be liable for the entire amount of delay damages against all defendants.

Memorandum Opinion at 7–8 (emphasis in original). The Commonwealth Court did not refer to the settlement agreement between Allen and Mellinger in its analysis.

Allen argues that the Commonwealth Court's holding in *Royer Garden* is inconsistent with the Superior Court's holding in cases such as *Reilly v. Southeastern Pennsylvania Transportation Authority,* 330 Pa.Super. 420, 479 A.2d 973 (1984), *aff'd,* 507 Pa. 204, 489 A.2d 1291 (1985), and *Tindal v. Southeastern Pennsylvania Transportation Authority,* 385 Pa.Super. 94, 560 A.2d 183 (1989), and that we should resolve the conflict in favor of the Superior Court's analysis.

In *Tindal,* Superior Court wrote:

Liability normally follows verdict. Therefore, appellants are jointly and severally responsible for the entire amount

of delay damages because they are jointly and severally liable for the entire amount of the verdict. This result logically obtains from the new Rule [238] which, while labeled "delay damages," is really in the nature of prejudgment interest to be added to compensatory damages awarded at verdict. Moreover, the express language of Rule 238 requires that damages for delay "become part of the verdict, decision or award."

*Tindal,* 560 A.2d at 189.

*Royer Garden* established that in accordance with the language of Rule 238, delay damages should be calculated for each defendant based on the compensatory damages assessed against that defendant according to the jury's apportionment of negligence. Rule 238(a)(1) provides, in relevant part:

At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury ... and shall become part of the verdict, decision or award.

The *Royer Garden* opinion emphasized the phrase "damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant." *See Royer Garden,* 598 A.2d at 592. Since the jury apportioned negligence 40% to the Township, 40% to another defendant, and 20% to the plaintiff, delay damages against the Township should be calculated on the Township's 40% share of the total molded damage verdict, and delay damages against the other defendant on its share of the molded damage verdict.

To this extent, *Royer Garden* does not conflict with *Reilly, Tindal,* et al. Apportionment of liability for damages among defendants in this fashion, whether compensatory damages or delay damages, does not in and of itself conflict with application of the rule of joint and several liability. Likewise, allowing a plaintiff to recover from any defendant more than

that defendant's pro rata share of damages, whether compensatory damages or delay damages, pursuant to the rule of joint and several liability, is not inconsistent with determining the percentage share of liability to each defendant. Indeed, calculating each defendant's share would be a prerequisite to determining a defendant's entitlement to contribution for having paid more than his share.

It appears, however, that the *Royer Garden* opinion went beyond simply approving the calculation of each defendant's share of liability for delay damages in accordance with the jury's allocation of fault. The court dismissed the plaintiffs' argument on appeal that the trial court's apportionment of damages prevented them from recovering the full amount of damages from any defendant under the principle of joint and several liability. See 598 A.2d at 593–94. The court's reasons for disallowing joint and several liability were not clearly stated, but since the facts suggest that the defendants were joint tortfeasors, this aspect of the decision must be disapproved. *Compare Glomb by Salopek v. Glomb,* 366 Pa.Super. 206, 530 A.2d 1362, 1365 n. 2 (1987) (distinguishing between " 'apportionment' of separate liabilities between separate tortfeasors and 'equitable apportionment' of a joint liability between joint tort-feasors.")

■  Thus, we hold that as a general precept Rule 238 damages awarded against all defendants in a negligence action are properly aggregated with the verdict such that the defendants are jointly and severally liable for the aggregated delay damages. The fact that delay damages under Rule 238 may be calculated in the first instance on an individualized basis before being aggregated with the general liability verdict does not alter the analysis.

■  This, however, does not complete the inquiry in this case. The rule of joint and several liability is stated in 42 Pa.C.S. § 7102(b) as follows:

Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the

amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery **from any defendant against whom the plaintiff is not barred from recovery.** Any defendant who is so compelled to pay more than his percentage share may seek contribution.

(Emphasis added.) Pursuant to the Sovereign Immunity Act, 42 Pa.C.S. § 8521 et seq., sovereign immunity is "a **bar** to an action against Commonwealth parties" that has been waived in specified circumstances "to the extent set forth in [the] subchapter and **within the limits set forth in section 8528 (relating to limitations on damages)."** 42 Pa.C.S. § 8522(a) (emphasis added). Since with respect to amounts in excess of the statutory cap, the Commonwealth party is a defendant "against whom the plaintiff is barred from recovery," under the terms of 42 Pa.C.S. § 7102(b) the plaintiff is not permitted to "recover the full amount of the allowed recovery from" the Commonwealth party. In other words, the Sovereign Immunity Act serves to limit the Commonwealth party's exposure to joint and several liability. Where the limitation on compensatory damages has been reached, the plaintiff can recover from the Commonwealth party only those delay damages attributable to the Commonwealth.

This in turn implicates the parties' discussion of the manner in which delay damages against a Commonwealth party are to be calculated, in particular the Department's argument that we should overrule *Woods.* In that case, where the Department was the sole defendant, the jury returned a verdict of $1.5 million, which the common pleas court molded to $250,000 pursuant to 42 Pa.C.S. § 8528(b). In ruling on the plaintiff's post-trial motion under Rule 238, the court calculated delay damages on $250,000 rather than the jury verdict of $1.5 million. Commonwealth Court affirmed. This Court reversed.

The first part of the analysis focused on the language of Rule 238(a)(1). After setting out the text in its entirety, the Court stated: "Rule 238 provides that delay damages shall be

added to the '*verdict of the jury,* ... the decision of the court in a nonjury trial or ... the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.'" *Woods,* 612 A.2d at 971. The Court placed emphasis on the phrase "verdict of the jury" and concluded that it was "indicative of the intent to have damages apply to the verdict or award itself, which represents the actual factfinder's assessment of the plaintiff's damage, as opposed to the amount the plaintiff is legally entitled to recover." *Id.* at 972. The second part of the analysis focused on the previously identified purposes of Rule 238, i.e., to compensate the plaintiff for delay in receiving his or her recovery and to encourage settlements. The Court concluded that these purposes would be frustrated if delay damages were computed on the statutory cap.

> Not only would there be no incentive for a Commonwealth agency to seek a settlement of a major suit, there would be a distinct disincentive since the delay damages would be based upon a predictable constant and there would be no unknown which would motivate the Commonwealth to discuss settlement. The same disincentive would encourage the prolonging of litigation as well as the filing of appeals. Additionally, the plaintiff who statutorily has already been denied the full compensation due him or her would once again be deprived of money to which he or she would be otherwise entitled, with only a minimum sanction being imposed on the defendant.

*Id.*

Given the opportunity presented by this case to reexamine the holding in *Woods,* we are compelled to acknowledge that this reasoning was fundamentally flawed and the decision must be overruled. First, the analysis of the language of the Rule proceeded from a misleading paraphrase of the text. The actual language of the rule states "damages for delay shall be added **to the amount of compensatory damages awarded against each defendant or additional defendant** found liable to the plaintiff in the verdict of a jury, in the decision of the court ... or in the award of arbitrators ... and

shall become part of the verdict, decision or award." (Emphasis added.) The *Woods* opinion, however, ignored the emphasized language and declared that the Rule "provides that delay damages shall be added to the 'verdict of the jury . . . decision of the court . . . or award of arbitrators. . . .' " 612 A.2d at 971. When the text is read in full, delay damages are added to the compensatory damages awarded against each defendant and then become part of the verdict. According to the *Woods* paraphrase, delay damages are simply added to the verdict. The difference in meaning is readily apparent and all the more critical because the next step of the *Woods* analysis characterized the "verdict or award" as representing the factfinder's assessment of the plaintiff's damage and contrasted it with the amount the plaintiff is legally entitled to recover.

The *Woods* opinion is similarly inadequate in its analysis of the purposes underlying Rule 238. With respect to the rule's purpose of compensating the plaintiff for delay in receiving his or her recovery, it defies reason to suggest that the basis for calculating such compensation could be anything other than the amount the Commonwealth party could actually be responsible for paying to the plaintiff. Since a plaintiff's compensatory damages can never exceed the statutory cap, there can be no delay in receiving amounts in excess of that cap. And if there is no delay, the stated justification for compensating the plaintiff with delay damages is illusory. Simply put, the hardships which may befall plaintiffs who seek damages against Commonwealth parties occur as a direct consequence of the statutory limitations upon damages, which have been upheld against constitutional challenge as within the province of the General Assembly. *See, e.g., Lyles v. Commonwealth, Dep't of Transp.,* 512 Pa. 322, 516 A.2d 701, 703 (1986).

Further, in its treatment of the rule's purpose of encouraging settlements, the *Woods* rationale suffers from a failure to give *any* consideration to other valid interests. When this Court first rejected the argument that Rule 238 exceeded our rulemaking authority because it enlarged the substantive rights of plaintiffs, *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), we acknowledged

12

that the rule had both substantive and procedural elements but concluded that the effect on substantive rights was merely collateral. *Id.* at 155. In *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350, (1986), faced with "a different set of facts viewed from a different perspective," *id.* at 1352, we recognized that the same rule had more than a collateral effect on substantive duties, and violated due process as well, to the extent that it imposed responsibility for delay on defendants without regard to fault. As a result we suspended the rule as it was then written and ultimately replaced it with the present rule in 1988.

Unfortunately, when presented with yet another set of facts in *Woods*, the Court failed to recognize the need to view the matter from another perspective, as it had in *Craig v. Magee.* Instead of recognizing that the Sovereign Immunity Act creates a unique relationship of rights and duties between plaintiffs and Commonwealth parties, and then analyzing whether the application of Rule 238 in that setting still has only a collateral effect on substantive rights and duties, the Court simply treated the Commonwealth party the same as any other party. The Court reasoned that if delay damages were computed on the statutory cap "there would then be no unknown which would motivate the Commonwealth to discuss settlement," *Woods,* 612 A.2d at 972. In doing so, the Court failed to perceive that the absence of an "unknown" originates in and cannot be separated from the statutory cap. The *Woods* rationale allows the Court to *create* an uncertainty of outcome to motivate settlement where no uncertainty otherwise exists. This is far different from channeling the uncertainty of outcome that exists in the case of private litigants not subject to limitations on liability. In the latter situation, the procedural rule may be said to have only a collateral effect on substantive rights and duties. In the former situation, the effect is plainly more than collateral and thus exceeds the bounds of our rulemaking authority.

For the foregoing reasons, we overrule *Woods v. Commonwealth, Dep't of Transp.,* 531 Pa. 295, 612 A.2d 970 (1992), and hold that delay damages recoverable from Com-

monwealth parties are limited to those calculated based upon the statutory cap. Additionally, we hold that as is the case with compensatory damages, Commonwealth parties are not jointly and severally liable for delay damages which exceed those calculated on the statutory cap. These holdings better comport with the procedural justification for Rule 238 and eliminate the substantive overtones of the former interpretations. Accordingly, the order of the Commonwealth Court is reversed, the order of the common pleas court is vacated, and the case is remanded to the common pleas court for recalculation of delay damages recoverable from the Department in accordance with this opinion.

Mr. Justice SAYLOR files a concurring opinion joined by Mr. Justice CASTILLE, who also joins the majority opinion.

Mr. Justice CAPPY files a concurring and dissenting opinion in which Mr. Justice NIGRO and Madame Justice NEWMAN join.

SAYLOR, Justice, concurring.

I join the majority in holding that delay damages are properly aggregated with a verdict and validly within the scope of the liability borne jointly and severally by joint tortfeasors. I also join in overruling *Woods v. Commonwealth, Dep't of Transp.*, 531 Pa. 295, 612 A.2d 970 (1992), in which the Court held that the judicial rule authorizing delay damage awards surmounted the express legislative limitation on damages awardable against the Commonwealth in a tort action. On this latter point, I would acknowledge Mr. Justice Cappy's legitimate concern for the doctrine of *stare decisis.* Nevertheless I would emphasize that it is most critical that the Court carefully examine, and where necessary reexamine, its decision making in matters in which it seeks to maintain an exclusive assertion of its power, thereby preventing the General Assembly from performing its own constitutional role in the development of significant areas of Pennsylvania's substantive law. *Cf. United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 663, 67 S.Ct. 601, 606, 91 L.Ed. 577 (1947)(stat-

ing that "the immunity of the United States from liability for interest is not to be waived by policy arguments . . . [;] [c]ourts lack the power to award interest against the United States on the basis of what they think is or is not sound policy"). Indeed, for the same reasons, I believe that the Court's assertion of exclusivity in the area of prejudgment interest generally as manifested in *Laudenberger v. Port Auth. of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), should be open to a similar reevaluation. In my view, a substantial argument can be made that *Laudenberger's* approach to the determination of whether the Court's rulemaking complies with Article V, Section 10(c) of the Pennsylvania Constitution, which depends integrally upon the weight of the Court's own policy objective in promulgating a rule, should be abandoned, in favor of an assessment focusing more closely upon the degree and directness of the rule's substantive impact.[1]

Mr. Justice CASTILLE joins this concurring opinion.

CAPPY, Justice, concurring and dissenting:

I agree with the majority that the amount in Pa.R.Civ.P. 238 delay damages that a defendant owes a plaintiff in a negligence action is to be calculated in accordance with the factfinder's allocation of fault and that Rule 238 damages awarded against all defendants are to be aggregated with the verdict. For all of the reasons that follow, however, I disagree with and respectfully dissent from the remainder of the majority opinion.

1. This approach would seem particularly appropriate, since Article V, Section 10(c) speaks explicitly in terms of *effect* and not purpose in providing that the Court's rules shall "neither abridge, enlarge, nor modify the substantive rights of any litigant." PA. CONST., art. V, § 10(c). Thus it can be posited that the framers of the Constitution limited the type of power afforded to the narrow area of true procedural rulemaking. *Cf. Monessen Southwestern Ry. Co. v. Morgan*, 486 U.S. at 331, 336, 108 S.Ct. 1837, 1843, 100 L.Ed.2d 349 (1988)(stating that "prejudgment interest constitutes too substantial a part of a defendant's potential liability under [the Federal Employers' Liability Act] for this Court to accept a State's classification of a provision such as Rule 238 as a mere 'local rule of procedure' ").

The majority resolves several questions relating to the collection or calculation of delay damages involving multiple defendants, who include a Commonwealth party. The majority does so by applying a statutory provision to each. First, the majority holds that under § 7102(b) of the Comparative Negligence Act, 42 Pa.C.S. § 7102 *et seq.*, defendants are jointly and severally liable for the plaintiff's aggregated delay damages award. Next, the majority holds that the interplay between § 7102(b) and § 8528 of the Sovereign Immunity Act, 42 Pa.C.S. § 8521 *et seq.*, restricts the Commonwealth's joint and several liability for delay damages to the Act's $250,000 compensatory damages cap. And last, overruling this court's decision in *Woods v. Commonwealth, Dept. of Transp.*, 531 Pa. 295, 612 A.2d 970 (1992), the majority holds that delay damages recoverable from the Commonwealth are to be calculated on § 8528's cap, not on the factfinder's actual damages assessment.

My fundamental disagreement with the majority's analysis of all of these issues centers on its resort to statutes to decide matters of judicial procedure.

Article V, § 10(c) of the Pennsylvania Constitution empowers this court to "prescribe general rules governing practice, procedure, and the conduct of all courts...if such rules are consistent with this Constitution and neither abridge, enlarge, nor modify the substantive rights of any litigant...." Pa. Const. art. V, § 10(c). We have held that this power is exclusive. *In re 42 Pa.C.S. § 1703*, 482 Pa. 522, 394 A.2d 444 (1978).

We have also held that delay damages are procedural, and that Pa.R.Civ.P. 238 represents a legitimate exercise of our Article V, § 10(c) rule-making authority. *Laudenberger v. Port Auth. of Allegheny Cty.*, 496 Pa. 52, 436 A.2d 147 (1981), *appeal dismissed*, 456 U.S. 940 (1982), 102 S.Ct. 2002. We have affirmed our holding in *Laudenberger* repeatedly. *See, e.g., Willet v. Pennsylvania Medical Catastrophe Loss Fund*, 549 Pa. 613, 702 A.2d 850 (1997); *Tulewicz v. Southeastern Pennsylvania Transp. Auth.*, 529 Pa. 588, 606 A.2d 427 (1992);

*Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986).

Thus, I believe that questions about delay damages are for this court alone to determine, and that Rule 238, not legislative authority, is dispositive. While I agree that we should consider relevant legislation when faced with issues relating to the assessment and recovery of delay damages, *see* Pa. R.Civ.P. 127(c)(5), I also believe that this court's intent in promulgating the Rule must be paramount in any decision we reach. Pa.R.Civ.P. 127(a).

In the past, we have zealously guarded our constitutionally-mandated rule-making power. For example, in *In re 42 Pa.C.S. § 1703,* without waiting for an adversarial challenge, we declared an express mandate of the General Assembly subjecting our procedures of rule adoption to certain sections of the Public Agency Open Meeting Law violative of Article V, § 10(c) and the separation of powers doctrine. Similarly, any effort by the legislature to encroach upon the terms or operation of Rule 238 through the Comparative Negligence Act, the Sovereign Immunity Act or any other statute would be unconstitutional. I am, therefore, perplexed and troubled by the majority's willingness to defer to legislative action in deciding the questions of procedure this appeal raises.

In my opinion, the first issue before us concerns what responsibility, if any, Rule 238 imposes upon a defendant to pay the delay damages assessed against his co-defendants. I would pose the issue as follows: Where delay damages are assessed under Rule 238 against multiple defendants, is a plaintiff allowed to recover the entire delay damages award from any one of those defendants or is a plaintiff's recovery from any one defendant limited to the delay damages attributable to him? [1]

1.  I find discussion of this issue in terms of joint and several liability unproductive. Joint and several liability is a principle of tort law that is premised on the theory that the tortious conduct of two or more wrongdoers combined or concurred to cause an indivisible harm that cannot be apportioned, such that the injured party may seek satisfaction of an entire judgment against all of them jointly or against any one of them individually. *Glomb by Salopek v. Glomb,* 366 Pa.Super. 206,

Pa.R.Civ.P. 127 governs the construction of our Rules of Civil Procedure. Rule 127 states:

Rule 127. Construction of Rules. Intent of Supreme Court Controls

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.Civ.P. 127.

Turning first, as Rule 127 requires, to the language of Rule 238, the latter provides in pertinent part:

Rule 238. Damages For Delay In An Action For Bodily Injury, Death Or Property Damage

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury

530 A.2d 1362, 1365 (1987), *appeal denied*, 517 Pa. 623, 538 A.2d 876 (1988). By contrast, the question we face concerns the terms and operation of a procedural rule which serves to encourage settlement, facilitate the expeditious resolution of cases, and alleviate the adverse financial consequences a plaintiff sustains due to delay. *Laudenberger*, 436 A.2d at 147.

18

trial or in the award of arbitrators ....and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time

\* \* \*

(ii) in an action commenced on or after August 1, 1989, from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

\* \* \*

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity,

and continued that offer for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum of the actual cost of the structured settlement plus any cash payment to the plaintiff; or

(2) during which the plaintiff caused delay of the trial.

Pa.R.Civ.P. 238.[2]

As written, Rule 238 does not explicitly answer whether a plaintiff may call upon any one of multiple defendants against

2. My agreement with the majority that the delay damages that any particular defendant owes the plaintiff should be calculated in light of the defendant's apportioned fault is based on the words in Rule 238 which provide that "damages for delay shall be added to the compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators ...." Pa.R.Civ.P. 238(a)(1), and on our interpretation of the Rule in *Woods* that delay damages are to apply to the "actual factfinder's assessment

whom delay damages are assessed to satisfy all of the delay damages he is awarded. In fact, I find the Rule ambiguous, as to this question. On the one hand, by requiring that delay damages become part of the verdict, decision or award, it would appear that the drafters intended that all defendants found liable to the plaintiff on the underlying claim bear responsibility for the plaintiff's full delay damages recovery. On the other, the drafters made it clear that a defendant can avoid the imposition of delay damages by making a timely and reasonable settlement offer. This protection, however, would in large measure disappear if a defendant who complied with the Rule remains responsible to the plaintiff for the non-complying co-defendants' share of delay damages.

Looking next to the reasons for and aims of Rule 238 for guidance, as Rule 127 allows in instances of rule ambiguity, I reiterate what this court has previously decided. Pa.R.Civ.P. 127(c)(1), (4). Rule 238 seeks to encourage settlement and achieve a prompt disposition of cases so as to unclutter the courts' dockets. *Laudenberger*, 436 A.2d at 151. The Rule also serves to compensate a plaintiff for the delay in receiving funds rightfully due to him, but which remain in a defendant's hands during the litigation process. *Id.* at 154; *Costa v. Lauderdale Beach Hotel*, 534 Pa. 154, 626 A.2d 566, 570 (1993). In essence, Rule 238 delay damages are "an extension of the compensatory damages necessary to make a plaintiff whole." *Colodonato v. Consolidated Rail Corp.*, 504 Pa. 80, 470 A.2d 475, 479 (1983)(quoting *Laudenberger*, 436 A.2d at 154).

I also observe, as permitted by Rule 127, that the General Assembly favors a plaintiff's full recovery of compensatory damages by making each joint tortfeasor liable for a plaintiff's

of the plaintiff's damage." 612 A.2d at 972. My agreement that delay damages assessed against multiple defendants are aggregated in the verdict is based on the words in the Rule which provide that "all damages for delay ....shall become part of the verdict, decision or award." Pa.R.Civ.P. 238(a)(1). I add that in my view, whether the amount of a defendant's offer satisfies the Rule should also be measured by taking into account that defendant's assessed fault. Pa. R.Civ.P. 238(b)(1)(ii). By way of example, an offer by a defendant who was found to have been 10% negligent would satisfy the Rule if the offer came within 125% of 10% of the verdict.

entire loss in § 7102(b) of the Comparative Negligence Act. Pa.R.Civ.P. 127(c)(5); 42 Pa.C.S. § 7102(b).

With these principles in mind, I conclude that generally speaking, under Rule 238, a plaintiff in a multiple defendant lawsuit may recover all of the delay damages awarded him from any one defendant. This, in my view, increases the likelihood that a plaintiff will receive his entire award by shifting from him the financial risk of an insolvent or otherwise recovery-proof defendant. I also conclude, however, that Rule 238 restricts a plaintiff's ability to do so by distinguishing between defendants who comply with the Rule by tendering qualifying offers and defendants who do not. This is consistent with the Rule's interest in advancing meaningful negotiation and settlement. Thus, I would hold that Rule 238 allows a plaintiff to collect his entire delay award from any **non-complying defendant;** allows a non-complying defendant who pays to the plaintiff more than his assessed share of the total delay damages award to seek recoupment from those defendants whose delay damages assessment he is called upon to cover; and does not allow a plaintiff to collect from a complying defendant any delay damages attributable to other defendants from the date the offer which tolled Rule 238 was tendered.[3]

As to the plaintiff's ability to pursue a Commonwealth party for the full amount of his delay damages award, I see no basis in either the words of the Rule or in its purposes to treat the Commonwealth in a different manner than I have just stated.

At this point, I turn briefly to the merits of the majority's determination that since a plaintiff is limited in the amount he may recover in compensatory damages from a Commonwealth party under the Sovereign Immunity Act's $250,000 cap, the rule of joint and several liability in 42 Pa.C.S. § 7102(b) of the Comparative Negligence Act does not apply to a plaintiff's

**3.** I would refer Pa.R.Civ.P. 238 to the Civil Procedural Rules Committee to propose any amendments it deemed necessary to be certain that the terms of the Rule are clear in these regards and accomplish these results.

recovery of delay damages from the Commonwealth once 42 Pa.C.S. § 8528(b)'s cap is reached.

Even if I agreed with the majority's approach, I cannot agree with its conclusion. From my perspective, the majority violates the cardinal rule of statutory construction which is that the object of all statutory interpretation is to ascertain the General Assembly's intent as expressed in the plain meaning of a statute's language. 1 Pa.C.S. § 1921.

As I read it, the majority's construction has merit only if one accepts the proposition that the Sovereign Immunity Act's "limitations" on the "damages" a plaintiff is permitted to recover from the Commonwealth under 42 Pa.C.S. § 8528(b) means the same thing as the Comparative Negligence Act's provision that a plaintiff is unable collect his entire award from a defendant against whom he is "barred" from "recovery". 42 Pa.C.S. § 7102(b).[1] I do not, and cannot see how a limit on damages—a concept which encompasses the understanding that recovery against a defendant is permitted—can be equated with a provision which bars recovery from a defendant entirely.

In *Elder v. Orluck*, 511 Pa. 402, 515 A.2d 517 (1986), we held that when the legislature used the phrase "against whom a plaintiff is not barred from recovery" in 42 Pa.C.S. § 7102(b) to describe those defendants who could not be held jointly and severally liable for a plaintiff's full recovery, it intended to exclude defendants who settled with the plaintiff or who are immunized from liability. *Id.* at 520. I believe that our holding in *Elder* and the language of both the Sovereign Immunity and Comparative Negligence Acts leave no room for the majority's conclusion in the present case. I cannot accept that the legislature intended the Commonwealth to use the

---

4. Section 7102(b) of the Comparative Negligence Act provides in part that a "plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery." 42 Pa.C.S. § 7102(b). Section § 8522(a) of the Sovereign Immunity Act waives sovereign immunity "as a bar to an action against Commonwealth parties" in certain instances and "within the limits set forth in section 8528 (relating to limitations on damages)...." 42 Pa.C.S. § 8522(a).

compensatory damages cap in 42 Pa.C.S. § 8528(b) to escape the full consequences of joint tortfeasor status under 42 Pa.C.S. § 7102(b) where, as here, the Commonwealth was not immune from liability and did not settle with the plaintiff prior to verdict.

Lastly, the majority opinion provides three bases for abandoning our holding in *Woods* to assess delay damages against the Commonwealth based on the actual verdict, as opposed to the Sovereign Immunity Act's cap. For me, not one of them is persuasive.

The majority begins by taking issue with this court's prior interpretation of Rule 238's language. In *Woods*, we focused on the phrase which provides that "delay damages shall be added to the 'verdict of the jury, . . . the decision of the court in a nonjury trial or . . . the award of arbitrators . . . and shall become part of the verdict, decision or award . . . .' ", Pa. R.Civ.P. 238(a)(1), and determined that the Rule "is indicative of the intent to have damages apply to the verdict or award itself, which represents the actual factfinder's assessment of the plaintiff's damage, as opposed to the amount the plaintiff is legally entitled to recover." *Woods*, 612 A.2d at 972. The majority states that our interpretation ignored that part of the Rule which states that " 'damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant' ", and thus, failed to realize that the Rule actually refers to the "amount the plaintiff is legally entitled to recover." (Majority Opinion at 767–768) (quoting Pa.R.Civ.P. 238(a)(1)). I am at a loss to understand the majority's position. In my view, the phrase from Rule 238 upon which the majority presently relies to point out the error in our prior reasoning—"compensatory damages awarded"—is not synonymous with a "plaintiff's recovery". Indeed, in the overwhelming majority of Pennsylvania opinions I have read, "compensatory damages awarded" referred to the amount the factfinder determined a plaintiff should receive from a defendant, not to the amount the plaintiff ultimately recovered.

Next, the majority determines that *Woods* was inadequate in its analysis of the Rule's compensatory purpose. According

to the majority, it was illogical for this court to suggest that the basis for calculating delay damages can be anything other than the $250,000 that the Commonwealth is actually responsible for paying since the amount a plaintiff ultimately recovers in compensatory damages can never exceed that cap. The majority, however, unfairly characterizes the observation we made in *Woods* when we stated: "[T]he plaintiff who statutorily has already been denied the full compensation due him or her would be *once again* deprived of money to which he or she would be *otherwise* entitled, with only a minimum sanction being imposed on the defendant." 612 A.2d at 972 (emphasis added). In so stating, we did not voice an intent, as the majority claims, to compensate the plaintiff for delay on amounts he can never receive. Rather, we sought to avoid the imposition of a *second* deprivation. By calculating delay damages on the actual amount awarded, instead of $250,000, we saw to it that a plaintiff is not denied *both* the amount in compensatory damages and the amount in delay damages to which he would be entitled but for the statutory cap.

Finally, the majority concludes that we failed in *Woods* to view this matter from "another perspective", as we had in *Craig,* and recognize that by virtue of the cap in the Sovereign Immunity Act, 42 Pa.C.S. § 8528(b), the application of Rule 238 has more than a collateral effect on substantive rights and duties. (Majority Opinion at 768). According to the majority, we impermissibly affected substantive rights by "*creat[ing]* an uncertainty of outcome to motivate settlement where no uncertainty of outcome otherwise exists", (Majority Opinion at 768) (emphasis in original), when we reasoned that if delay damages were computed on the statutory cap " 'there would be no unknown which would motivate the Commonwealth to discuss settlement.' " (Majority Opinion at 768) (quoting *Woods,* 612 A.2d at 972). In this regard, the majority opinion contains a familiar and fatal flaw of logic—it begs the question. That is to say, the majority assumes the truth of the proposition it seeks to prove by concluding in the first instance that the "uncertainty of outcome" Rule 238 creates is substantive. It is settled; delay damages and Rule 238 are procedur-

al. *See, e.g., Laudenberger,* 436 A.2d at 147. Uncertainty of outcome in a procedural matter is procedural, not substantive. Thus, the majority's final argument, like its others for overruling *Woods,* fails.

For me, our analysis in *Woods* regarding the language, history and operation of Rule 238 is not only correct, but is as compelling today as it was in 1992, when we decided the case. The salutary purposes of the Rule—to encourage settlements, to unclutter the courts, and to compensate the plaintiff for the delay in receiving his recovery—remain worthwhile and must continue to be actively promoted. I would, therefore, uphold our decision in *Woods,* in keeping with the doctrine of stare decisis, which we have repeatedly termed a "wise course of judicial action", *Fadgen v. Lenker,* 469 Pa. 272, 365 A.2d 147, 152 (1976), and which we have disregarded only when faced with prior holdings that we were clearly unable to support. *Ayala v. Philadelphia Bd. of Pub. Educ.,* 453 Pa. 584, 305 A.2d 877, 888–89 (1973).

Accordingly, I would affirm the order of the Commonwealth Court, affirming the trial court's order, but for different reasons.

Mr. Justice NIGRO and Madame Justice NEWMAN join this concurring and dissenting opinion.