674 A.2d 720

**Lynn OBERNEDER, Appellee,**

**v.**

**LINK COMPUTER CORP., Key Information Systems, Inc., and Timothy C. Link, Appellants.**

Superior Court of Pennsylvania.

Submitted Nov. 20, 1995.

Filed April 9, 1996.

Stephen D. Wicks, Altoona, for appellants.

Timothy J. Huber, Lebanon, for appellee.

Before CAVANAUGH, DEL SOLE and BECK, JJ.

CAVANAUGH, Judge:

This is an appeal from an order of the Court of Common Pleas of Blair County, which granted appellee Lynn Oberneder's motion for attorneys' fees pursuant to § 260.9a(f) of the Pennsylvania Wage Payment and Collection Law ["WPCL"]. 43 P.S. § 260.1, et seq. Appellants, Link Computer Corp., Key Information Systems, Inc., and Timothy C. Link, argue that since the award of attorneys' fees under the WPCL is discretionary not mandatory, the trial court erred when it awarded appellee attorneys' fees as a matter of right.

The procedural history and relevant facts are as follows: Appellee brought suit against appellant for breaching his employment contract and violating the WPCL. Appellee claimed that he was entitled to a commission payment for negotiating the sale of a division of appellant's company. A jury awarded appellee forty-six-thousand six-hundred dollars ($46,600.00) in compensatory damages. Thereafter, appellee filed a motion seeking an award of attorneys' fees pursuant to § 260.9a(f) of the WPCL. The trial court issued an order stating "... after a review of the pleadings, briefs, and in accordance with statutory and case law, the plaintiff's motion for counsel fees pursuant to 43 P.S. § 260.9a(f) is granted." The trial court awarded appellee fourteen thousand dollars ($14,000.00) based upon the applicable fee agreement. Post-trial motions were denied. This appeal followed.

The question appellant presents to us is a matter of simple statutory construction. We must determine whether 43 P.S. § 260.9a(f), which provides for the award of attorneys' fees, is discretionary or mandatory. If the provision is mandatory,

appellants' claim on appeal would fail because appellee's favorable verdict below would automatically entitle him to attorneys' fees as a matter of law. However, if it is discretionary, we must examine the record and decide whether the trial court abused its discretion in awarding attorneys' fees.

■ Pennsylvania enacted the WPCL to provide a vehicle for employees to enforce payment of their wages and compensation withheld by their employers. 43 P.S. § 260.1, et seq. One of the civil remedies available to a successful plaintiff is the award of attorneys' fees:

> The court in any action brought under this section *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.

43 P.S. § 260.9a(f) (emphasis added). Our research has revealed no Pennsylvania appellate cases that have addressed the implications of the word "shall" used in this provision of the statute. In fact, it appears the statute has generated only scant decisional law in Pennsylvania. *See Todora v. Jones & Laughlin Steel Corp.*, 304 Pa.Super. 213, 219, 450 A.2d 647, 649 (1982).

In cases where the courts have applied the WPCL, they have typically awarded successful plaintiffs attorneys' fees without deliberative comment. *See Barnhart v. Compugraphic Corp.*, 936 F.2d 131 (3d Cir.1991) (finding that defendant acted in good faith does not preclude award of the amount of attorney's fees therefore ". . . case is remanded for a determination of the attorneys' fees to which Plaintiffs are entitled"); *Godwin v. Visiting Nurse Association Home Health Services*, 831 F.Supp. 449 (E.D.Pa.1993) affirmed, 39 F.3d 1173 (3rd Cir.1994) ("Under [WPCL] in addition to repayment of back wages, [plaintiff] is entitled to recover . . . her reasonable attorney's fees"); *Teamster's Pension Trust Fund of Philadelphia and Vicinity v. Philadelphia Fruit Exchange*, 603 F.Supp. 877 (E.D.Pa.1985) (". . . under the WPCL [plaintiffs] are . . . entitled to judgment as a matter of law as to the unpaid contributions and reasonable attorney fees under state

law"); *Yatron v. Lydon,* 20 D & C 4th 251 (1993) ("The Plaintiffs are entitled to attorneys' fees and costs pursuant to 43 P.S. § 260.9a(f).")

Although these cases do not address the issue of whether the word "shall" should be interpreted as discretionary or mandatory, their summary inclusion of attorneys' fees, without mention of any relevant evidence, suggests that an award of attorneys' fees is viewed as mandatory upon a plaintiff's judgment. Moreover, since none of the aforementioned cases were decided by our Pennsylvania Appellate Courts, we are not bound by their application of this provision. Nevertheless, we find these dispositions persuasive and proceed to analyze § 260.9a(f) to determine the legislator's intent with respect to its use of the word "shall" as it relates to the award of attorneys' fees.

Initially, we note that in Pennsylvania "the term 'shall' is *generally* construed as creating a mandatory duty, and that it has only been in rare cases involving matters of time or form that the word 'shall' has been construed as creating only a discretionary or directory duty." *Commonwealth v. Ferguson,* 381 Pa.Super. 23, 32, 552 A.2d 1075, 1080 (1988); *see also Mamone v. Beltone Hearing Aid Services, Inc.,* 416 Pa.Super. 555, 611 A.2d 755 (1992); *Tyler v. King,* 344 Pa.Super. 78, 496 A.2d 16 (1985). When interpreting whether a statute is mandatory or discretionary, we must do so with the goal of ascertaining and giving effect to the intent of the legislature. *Id.* "[W]e ascertain this intent after reviewing the entire act, its nature, object and purpose, the respective consequences of various constructions of the particular statute, and after determining whether the action allegedly mandated by the statute is the essence of the thing to be done pursuant to it." *King,* at 85, 496 A.2d at 19; *see also,* The Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1921(c).

Generally, the underlying purpose of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy when an employer breaches its contractual obligation to pay wages. 43 P.S.

§ 260.1. et seq. In essence, the primary goal of the WPCL is to make whole again, employees whose wages were wrongfully withheld by their employers. To assure that employees would be made whole again, the legislature included the provision that the court "shall ... allow costs for reasonable attorneys' fees ..." in addition to any judgment awarded. 43 P.S. § 260.9a(f).

■ After considering § 260.9a(f) in the context of the entire statute, keeping in mind the statute's purpose of protecting employees and the remedial relief it seeks to provide, we conclude that the legislature intended a mandatory award of attorneys' fees for a plaintiff who prevails on a claim pursued under the Act. This interpretation is consistent with the general import of the statute, and goes to the very "essence" of its goal of making an employee whole again. *King,* at 85, 496 A.2d at 19. Otherwise, employees who are unjustly deprived of their wages by their employers, may be deterred from filing suit because of burdensome legal costs. *See Barnhart,* 936 F.2d. at 134. Similarly, employees who do file suit and are successful, would be subjected to payment of a substantial part of their award (which represents earned compensation) as attorneys' fees. This would clearly undermine the intent of the statute; because employees who are unable to retain their wages will not be made whole. Without an award of attorneys' fees the end result would be only a partial recovery under the statute. Therefore, under the WPCL, an employee who has prevailed on a claim for past wages due, is entitled to attorneys' fees as a matter of entitlement.

Although we affirm the Order, we direct that the Order be entered as a judgment below.