Steve VORACEK, Appellee,

v.

CROWN CASTLE USA
INC., Appellant.

Superior Court of Pennsylvania.

Argued April 18, 2006.
Filed Aug. 22, 2006.
Reargument Denied Oct. 19, 2006.

Robert F. Prorok, Pittsburg, for appellant.

Charles C. Hasson, Bridgeville, for appellee.

BEFORE: DEL SOLE, P.J.E., ORIE MELVIN and TAMILIA, JJ.

OPINION BY DEL SOLE, P.J.E.:

¶ 1 Crown Castle USA, Inc. ("Crown") appeals from the judgment entered following a non-jury trial awarding Appellee Steven Voracek $98,194.00 for breach of contract and $13,045.00 in attorneys' fees. Crown contends the trial court erred in finding clear and convincing evidence of a mutual mistake of fact and in relying upon parol evidence to disregard the terms of an integrated contract. Crown also contends the trial court erred in awarding attorneys' fees under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* Finding no error on the part of the trial court, we affirm.

¶ 2 The factual background of this case is as follows. In March 1999, Appellee was contacted by Crown's Vice President of Regional Markets and Business Development, John Powers. Mr. Powers had previously worked with Appellee at another company and expressed an interest in hiring him for the position of National Sales Director. During their telephone conversation, Mr. Powers and Appellee discussed the terms of Crown's Executive Confidentiality and Non–Compete Agreement ("Executive Agreement") which included a provision providing the employee with one-year severance pay if the employee was terminated without cause. Appellee subsequently traveled to Crown's office

in Canonsburg for an interview. Mr. Powers presented Appellee with a copy of the Executive Agreement and they discussed the terms of the agreement, including the provision for severance pay.

¶ 3 A few weeks later, Crown mailed a written employment offer to Appellee for the position of Sales Manager, Atlanta Region. The employment package that was mailed to Appellee included a Standard Confidentiality and Non–Compete Agreement ("Standard Agreement") which did not contain a one-year severance provision. After signing all of the documents, Appellee returned the package to Crown, moved to Atlanta and commenced his employment with Crown.

¶ 4 In July 2001, Appellee's employment was terminated as a result of a reduction in Crown's workforce. When Appellee sought to collect his severance payment, he was informed that the Standard Agreement that he signed did not contain such a provision. After Crown continued to deny his claim for one-year's severance pay, Appellee filed a complaint alleging breach of contract and a violation of the WPCL.

¶ 5 Following a non-jury trial, the trial court found that that the Standard Agreement was entered into by the parties under a mutual mistake of fact. Thus, the trial court reformed the agreement to include the one-year severance provision. Appellee subsequently sought and was awarded attorneys' fees under the WPCL. Crown then filed the present appeal.

¶ 6 Initially we note that our review of a non-jury trial is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law. *Manack v. Sandlin*, 812 A.2d 676, 679 (Pa.Super.2002). In making this determination, we view the evidence and all inferences derived from the evidence, in the light most favorable to the victorious par-

ty. *Id.* "Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion." *Id.* at 680.

¶ 7 Crown contends the trial court committed an error of law by first finding that there was a mutual mistake of fact and then considering and relying on parol evidence to disregard the terms set forth in the Standard Agreement that was signed by Appellee. Specifically, Crown argues that because the Standard Agreement contained an unambiguous integration clause which provided that the agreement superseded any and all prior agreements, the trial court erred by considering the conversations and representations between Appellee and Mr. Powers. We disagree.

¶ 8 Although parol evidence generally cannot be introduced to change the terms of a writing which contains an integration clause because such a clause is intended to represent the complete expression of the parties' agreement, *Kehr Packages v. Fidelity Bank, N.A.*, 710 A.2d 1169, 1174 (Pa.Super.1998), extrinsic evidence is admissible for the purpose of showing that by reason of mistake, fraud or accident, the written instrument does not express the actual intention of the parties. *Hart v. Arnold*, 884 A.2d 316, 340 (Pa.Super.2005).

¶ 9 Where, as here, a party alleges that a mutual mistake has been made regarding the terms of the written instrument, the trial court may consider evidence of such a mistake to ascertain the true intent of the parties. *Id.*

> The doctrine of mutual mistake of fact serves as a defense to the formation of a contract and occurs when the parties to the contract have an erroneous belief as

to a basic assumption of the contract at the time of formation which will have a material effect on the agreed exchange as to either party. A mutual mistake occurs when the written instrument fails to set forth the true agreement of the parties. The language on the instrument should be interpreted in the light of subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed.

*Id.* at 333 (citations and quotations omitted). If a contract is entered into under a mutual misconception regarding an essential fact, the contract may be reformed if "(1) the misconception entered into the contemplation of both parties as a condition of assent, and (2) the parties can be placed in their former position regarding the subject matter of the contract." *Id.* (citing *Gocek v. Gocek,* 417 Pa.Super. 406, 612 A.2d 1004, 1006 (1992)). We further note that "to justify reformation of a contract on the basis of mutual mistake, evidence of the mistake must be clear and convincing." *Jones v. Prudential Prop. & Cas. Ins. Co.,* 856 A.2d 838, 844 (Pa.Super.2004).

¶ 10 Here, the trial court found that the testimony of John Powers was credible and provided clear and convincing evidence that the Standard Agreement was entered into by the parties under a mutual mistake.

¶ 11 Mr. Powers testified that when he first contacted Appellee about a job with Crown, Appellee was hesitant and was concerned about the one-year non-compete provision. It was not until after Mr. Powers informed Appellee that the one-year non-compete provision would be offset by a one-year severance package, that Appellee agreed to an interview. During the interview, Appellee again expressed his concern over the one-year non-compete clause. Mr. Powers obtained a copy of the Executive Agreement, which contained the one-year severance provision, and presented it to Appellee. Appellee reviewed the Executive Agreement and was satisfied with its terms.

¶ 12 Mr. Powers further testified that he was authorized to and was ultimately responsible for the hiring of Appellee. He explained that Crown's Human Resources Department put Appellee's employment package together, he then signed the cover letter of the employment offer which he believed contained the Executive Agreement, and the offer was then sent to Appellee. Appellee testified that he assumed that he was signing the Executive Agreement that he had reviewed during his interview.

¶ 13 Mr. Powers further explained that at the time he hired Appellee, he was only in charge of hiring for executive positions with Crown and was only aware of one Confidentiality and Non–Compete Agreement, that being the Executive Agreement. He testified that Appellee was hired for an executive position and he therefore intended for Appellee to receive the Executive Agreement.

■ ¶ 14 In reviewing Mr. Powers' testimony, the trial court specifically found "the testimony of [Appellee] and Mr. Powers to be credible." Amended Verdict, 2/23/04, at 1. "In a non-jury trial, the factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations." *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.,* 777 A.2d 1090, 1093 (Pa.Super.2001). The testimony of Mr. Powers supports the trial court's finding of clear and convincing evidence of a mutual mistake between the parties. Mr. Powers, acting as a hiring agent for Crown, specifically intended for Appellee to receive the Executive Agreement with the one-year severance provi-

sion. Likewise, Appellee reasonably believed that he was signing the Executive Agreement. Accordingly, as we conclude that the trial court's finding of mutual mistake is supported by the evidence, we find no error in the trial court's consideration of parol evidence to establish the intent of the parties and to ultimately reform the contract to include the severance pay provision.

¶ 15 Crown's final contention of error involves the trial court's award of attorneys' fees under the WPCL. Crown argues that because the trial court's decision was based on a finding of mutual mistake and not on a violation of the WPCL, there is no basis for a statutory award of attorneys' fees. We disagree.

¶ 16 The WPCL was enacted to provide employees a means of enforcing payment of wages and compensation withheld by an employer. 43 P.S. § 260.1, *et seq.* "Generally, the underlying purpose of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy when an employer breaches its contractual obligation to pay wages. In essence, the primary goal of the WPCL is to make whole again, employees whose wages were wrongfully withheld by their employers." *Oberneder v. Link Computer Corp.,* 449 Pa.Super. 528, 674 A.2d 720, 722 (1996). Thus, to ensure that employees who are successful in their actions against an employer are made whole again, the statute mandates an award of attorneys' fees in addition to any judgment awarded to a plaintiff. *Id.;* 43 P.S. § 260.9a(f).

¶ 17 Presently, Appellee brought suit against Crown for breach of contract and for violating the WPCL. After the trial court found a mutual mistake existed regarding Appellee's entitlement to severance pay, it reformed the contract to include the severance payment. Thus,

Crown was obligated to pay Appellee one-year's salary as severance. Because Appellee was forced to bring a breach of contract claim to collect that payment, he was entitled to recover attorneys' fees under the WPCL. The award clearly supports the purpose of the WPCL; namely, permitting Appellee to collect the severance payment which he was owed without causing him to incur the costs associated with the collection. *See Oberneder,* 674 A.2d at 722 (holding that "under the WPCL, an employee who has prevailed on a claim for past wages due, is entitled to attorneys' fees as a matter of entitlement.").

¶ 18 Judgment affirmed.