J-A11013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID S. REILLY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PHILADELPHIA ELECTRICAL EQUIPMENT COMPANY, INC., | |
| Appellant | No. 2276 EDA 2015 |

Appeal from the Judgment Entered August 31, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-3995

| | |
|---|---|
| PHILADELPHIA ELECTRICAL EQUIPMENT COMPANY, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID S. REILLY, | |
| ---------------------------------------------- | |
| DAVID S. REILLY, | |
| v. | |
| PHILADELPHIA ELECTRICAL EQUIPMENT COMPANY, INC., | |
| Appellant | |
| | No. 2528 EDA 2015 |

Appeal from the Order Entered July 1, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 12-2323, 13-3995

J-A11013-16

| | |
|---|---|
| PHILADELPHIA ELECTRICAL EQUIPMENT COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVID S. REILLY, | |
| Appellant | |
| ------------------------------------------------ | |
| DAVID S. REILLY, | |
| v. | |
| PHILADELPHIA ELECTRICAL EQUIPMENT COMPANY AND ROBERT G. GUARINI, | |
| Appellants | |
| | No. 2601 EDA 2015 |

Appeal from the Order Entered June 30, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 12-2323 & 13-3995

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 13, 2016**

Philadelphia Electrical Equipment Company, Inc. ("PEECO") has filed an appeal in this employment termination dispute with David S. Reilly ("Reilly"), and Reilly has filed a cross-appeal.  We affirm the order awarding attorneys' fees but remand for further proceedings consistent with this memorandum.

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

The trial court summarized the procedural history of this case as follows:

> The above-captioned consolidated matters arise out of [Reilly's] employment and termination from [PEECO].[1] On April 29, 2011, Reilly instituted suit in the Court of Common Pleas of Philadelphia County, Pennsylvania. Therein, Reilly alleged PEECO violated the Pennsylvania Wage Payment and Collection Law ("WPCL") [43 P.S. §§ 260.1-260.12,] by failing to pay Reilly sales and procurement commissions, hourly wages, and severance. [On July 5, 2011, Reilly filed an amended complaint.] On or about March 19, 2012, PEECO filed a separate complaint in the Court of Common Pleas of Delaware County, Pennsylvania seeking damages for replevin, conversion, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract, and violations of the Uniform Trade Secrets Act and Computer Fraud and Abuse Act. By Order dated November 19, 2012, the Court of Common Pleas of Philadelphia upon consideration of Preliminary Objections filed by PEECO transferred Reilly's claims to the Court of Common Pleas of Delaware County, Pennsylvania. The above-captioned matters were consolidated for both discovery and trial under Delaware County, Pennsylvania docket number 2012-2323 by Order dated June 20, 2013.

---

[1] In November of 2005, Reilly became an employee of PEECO as a sales engineer, with job responsibilities that included the purchasing and selling of new and used electrical power generation and distribution equipment. PEECO paid Reilly a base salary of $60,000.00 per year from 2005 through 2007. In December of 2007, Reilly's title changed to Vice President of Business Development, however, his job responsibilities remained the same. Reilly and PEECO entered into a written employment agreement for the year 2008. PEECO paid Reilly a base salary of $70,000.00 per year from 2008 through 2010. In addition to his base salary, throughout his employment, Reilly also was paid commissions on the general sales of equipment and services in the amount of twenty percent of the gross profit. Reilly also negotiated and purchased equipment on behalf of PEECO, which was separate and apart from sales responsibilities. PEECO then refurbished the equipment and sold it to customers. On the procurement of that equipment, PEECO paid Reilly commissions that were five percent of the gross profit. On June 1, 2010, PEECO terminated Reilly's employment.

On January 17, 2014, following a five-day jury trial, a verdict was returned in favor of Reilly and against PEECO for violations of the WPCL in the amount of $2,692.31, which represents the severance to which Reilly claimed he was entitled pursuant to a 2008 Employment Agreement. However, a verdict was also returned in favor of PEECO and [Robert G.] Guarini[2] as counterplaintiffs and against Reilly in the same amount - $2,692.31. Thereafter, Reilly filed a Petition for Attorneys' Fees and Costs pursuant to 43 P.S. § 260.1. PEECO and Robert G. Guarini filed a post–trial motion seeking to mold the verdict to $0.00.

Trial Court Opinion, 10/15/15, at 9-10.

On June 30, 2015, the trial court determined PEECO was required to pay $128,962.00 in attorney fees and $2,815.32 in costs. However, the trial court did not award fees and costs that were incurred by Reilly in the post-trial proceedings. In addition, the trial court's order directed that Reilly was to pay PEECO prejudgment and post-judgment interest and denied the motion to mold the verdict. On July 21, 2015, PEECO filed a motion seeking reconsideration of the trial court's June 30, 2015 order. On July 30, 2015, PEECO filed a notice of appeal. Reconsideration was denied on August 6, 2015. Reilly filed a cross-appeal on the post-trial fees and costs on August 11, 2015. Judgment was entered on August 25, 2015. The parties and trial court have complied with Pa.R.A.P. 1925. On November 13, 2015, this Court entered an order designating Reilly as the lead appellant in these consolidated appeals.

_____

[2] Mr. Guarini was the president of PEECO.

- 4 -

PEECO presents the following issues for our review, which we have renumbered for ease of discussion:

> 1. Whether the court failed to exercise its discretion or abused its discretion when it declined to grant PEECO's post trial motion in Reilly v. PEECO, to mold the verdict to $0 to accord the verdict with the intent of the jury.
>
> 2. Whether the court erred in its interpretation of the law or abused its discretion, when it awarded to David Reilly attorneys fees as costs attributed to David Reilly's unsuccessful defense of the claims in PEECO v. Reilly or improperly considered the attorneys fees attributed to David Reilly's defense of that separate matter as a counterclaim in the separate case of Reilly v. PEECO, which it was not.
>
> 3. Whether the court erred in its interpretation of the law when it awarded attorneys fees attributed to David Reilly's unsuccessful defense of preliminary objections to venue filed by PEECO in the matter of Reilly v. PEECO, originally commenced in Philadelphia County.
>
> 4. Whether the court erred in its interpretation of the law when it awarded attorney's fees to David Reilly as costs in Reilly v. PEECO, for attorneys fees attributed to David Reilly's unsuccessful defense of PEECO's counterclaim.
>
> 5. Whether the court abused its discretion when it did not reduce any attorneys fees awarded to David Reilly as costs to account for duplicative time spent by two attorneys when only one was necessary or appropriate.

PEECO's Brief at 55-56.

In its first issue, PEECO argues that, because the jury awarded each party damages in identical sums, the verdict should be molded to $0.00. PEECO's Brief at 80-83. PEECO contends that the jury "clearly wanted to give a tie score." *Id*. at 81. PEECO presents the following conclusion in support of its claim:

> The court in the present case ought to have molded the verdict to 0 since that was the obvious intent of the jury, that is, that neither party walk away with money from the other. Not molding the verdict would enable one party to attempt to collect a judgment for an amount which the other party would then be required to collect against the other. Molding the verdict to $0 would prevent the otherwise unnecessary duplication and expenditure of court time and personnel in the enforcement by each of the same verdict amount by the other, with the exception of the interest awarded to PEECO which made PEECO the higher verdict winner.

*Id*. at 83.

We review a challenge to the trial court's decision concerning a request to mold a jury verdict mindful of the following:

> It is well settled that a trial court in this Commonwealth has the power to mold a jury's verdict to conform to the clear intent of the jury. The power of a trial judge to exercise his discretion in molding a verdict to fit the expressed desires of the jury is a corner-stone of the jury system.

*Mitchell v. Gravely Int'l, Inc.*, 698 A.2d 618, 623 (Pa. Super. 1997). Furthermore, the molding of the verdict by the trial judge is not a procedure to be used lightly. *Williams v. Dulaney*, 480 A.2d 1080, 1087 (Pa. Super. 1984). Accordingly, we review the trial court's decision regarding a request to mold a verdict for an abuse of discretion.

> Regarding judicial discretion, we have stated:
>
> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

- 6 -

*Sigall v. Serrano*, 17 A.3d 946, 949 (Pa. Super. 2011) (quoting *Lachat v. Hinchliffe*, 769 A.2d 481, 487 (Pa. Super. 2001)).

Upon careful review, we conclude that PEECO's argument is unpersuasive. Here, our review of the record reflects that the jury was presented with an extensive and detailed verdict slip containing multiple interrogatories. The relevant portions of the verdict slip completed by the jury provide as follows:

AND NOW, this 17th day of January, 2014, the jury, after full deliberation, enters the following verdict:

I. Pennsylvania Wage Payment and Collection Law

A. Did Philadelphia Electrical Equipment Company, Inc. (PEECO) fail to pay David Reilly any sums of money regarding his employment?

YES  X   NO ____

B. Is Robert G. Guarini an officer of PEECO who had an active role in PEECO's decision not to pay the wages?

YES  X   NO ____

C. Did PEECO establish, by clear and convincing evidence, a good faith contest or dispute to account for PEECO's refusal to pay wages claimed by David Reilly?

YES  X   NO ____

D. State the amount of damages, if any, you award to David Reilly for any refusal to compensate him as found above.

Wages          $ 2,692.31

* * *

VI. Counterclaim

A. Do you find David Reilly earned commissions after January 1, 2008, in an amount less than the amount of commissions he was paid in advance by PEECO?

YES __X__ NO ____

If your answer is "Yes" to Question VI,A, then go to Question VI,B.

If your answer is "No" to Question VI,A, then return to the Courtroom.

B. State the amount of damages, if any, you award PEECO, to compensate PEECO for the difference between David Reilly's earned commissions and the amount of commissions paid in advance.

$ 2,692.31

Verdict Slip, 12-2323, 1/17/14, at 1-4.

While it is clear that the jury's determinations regarding various dollar amounts, which were due to Reilly and withheld by PEECO and overpaid to Reilly by PEECO, appear to offset each other. However, we are left to conclude that molding the dollar amounts determined by the jury would negate the specific answers reached by the jury to other questions presented on the verdict slip. Accordingly, the trial court did not abuse its discretion in refusing PEECO's request to mold the jury's verdict to zero dollars. Hence, because PEECO has not established that the trial court abused its discretion in this regard, its contrary claim fails.

We next review the following three issues raised by PEECO, the crux of which address the trial court's award of attorneys' fees to Reilly pursuant to the WPCL:

> 2. Whether the court erred in its interpretation of the law or abused its discretion, when it awarded to David Reilly attorneys fees as costs attributed to David Reilly's unsuccessful defense of the claims in PEECO v. Reilly or improperly considered the attorneys fees attributed to David Reilly's defense of that separate matter as a counterclaim in the separate case of Reilly v. PEECO, which it was not.
>
> 3. Whether the court erred in its interpretation of the law when it awarded attorneys fees attributed to David Reilly's unsuccessful defense of preliminary objections to venue filed by PEECO in the matter of Reilly v. PEECO, originally commenced in Philadelphia County.
>
> 4. Whether the court erred in its interpretation of the law when it awarded attorney's fees to David Reilly as costs in Reilly v. PEECO, for attorneys fees attributed to David Reilly's unsuccessful defense of PEECO's counterclaim.

PEECO's Brief at 55-56 (renumbered).

Here, PEECO argues that the matter of PEECO v. Reilly was not a counterclaim, but a separate and distinct cause of action tried separately from Reilly v. PEECO, and a separate and distinct verdict was rendered by the jury. As such, PEECO contends that it was the prevailing party and there was no authority for the award of attorneys' fees to Reilly. Also, PEECO argues the trial court erred when it awarded attorneys' fees to Reilly for the unsuccessful opposition to PEECO's preliminary objections as to venue. In addition, PEECO argues that the jury awarded identical verdicts to each party, rendering a tied verdict and neither party prevailed over the other.

Thus, PEECO asserts that Reilly's claims did not overcome PEECO's claims and the award of attorneys' fees was erroneous.

Regarding the WPCL, this Court recently summarized the following in *Ely v. Susquehanna Aquacultures, Inc.*, 130 A.3d 6 (Pa. Super. 2015):

> "The WPCL was enacted to provide employees a means of enforcing payment of wages and compensation withheld by an employer." *Voracek v. Crown Castle USA Inc.*, 907 A.2d 1105, 1109 (Pa. Super. 2006), *appeal denied*, 591 Pa. 716, 919 A.2d 958 (Pa. 2007). "Generally, the underlying purpose of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy when an employer breaches its contractual obligation to pay wages." *Id*. (quoting *Oberneder v. Link Computer Corp.*, 674 A.2d 720, 722 (Pa. Super. 1996)). "In essence, the primary goal of the WPCL is to make whole again, employees whose wages were wrongfully withheld by their employers." *Id*.

*Id*. at 13.

The relevant portion of the WPCL that allows the imposition of attorneys' fees provides as follows: "The court **in any action brought under this section shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of **any nature** to be paid by the defendant." 43 P.S. § 260.9a(f) (emphases added).

In *Oberneder v. Link Computer Corp.*, 674 A.2d 720 (Pa. Super. 1996), we stated the following:

> [W]e conclude that the legislature intended a **mandatory award** of attorneys' fees for a plaintiff who prevails on a claim pursued under the Act. This interpretation is consistent with the general import of the statute, and goes to the very "essence" of its goal of making an employee whole again. Otherwise,

- 10 -

employees who are unjustly deprived of their wages by their employers, may be deterred from filing suit because of burdensome legal costs. Similarly, employees who do file suit and are successful, would be subjected to payment of a substantial part of their award (which represents earned compensation) as attorneys' fees. This would clearly undermine the intent of the statute; because employees who are unable to retain their wages will not be made whole. Without an award of attorneys' fees the end result would be only a partial recovery under the statute. Therefore, **under the WPCL, an employee who has prevailed on a claim for past wages due, is entitled to attorneys' fees as a matter of entitlement**.

*Oberneder*, 674 A.2d at 722 (citations omitted) (emphases added).

In *Oberneder v. Link Computer Corp.*, 696 A.2d 148 (Pa. 1997), our Supreme Court affirmed this Court's decision. In so doing, our Supreme Court dispelled the employer's argument that "the [trial] court should evaluate factors related to the underlying dispute and settlement efforts to determine if [the employee] may recover his fees," by reiterating that "[t]he legislature, however, did not provide for such considerations in the [WPCL]." *Id*. at 150-151. Indeed, our Supreme court ultimately stated: "We thus hold that an award of attorneys' fees to a prevailing employee in an action brought under the [WPCL] is mandatory. This conclusion promotes the statute's purpose to protect employees when employers breach a contractual obligation to pay wages." *Id*. at 151. In addition, our Supreme Court noted that the trial court's discretion pertaining to the award of attorneys' fees is limited: "We note that the [WPCL] only mandates an award of reasonable attorneys' fees. Courts retain discretion to determine the amount of fees owed." *Id*. at 151 n.4.

In reviewing issues pertaining to the award of attorneys' fees under the WPCL, we are further mindful of the following:

> We review the trial court's award of attorneys' fees for an abuse of discretion. ***See Signora v. Liberty Travel, Inc.***, 886 A.2d 284, 292 (Pa. Super. 2005) ("An award of attorneys' fees to a prevailing plaintiff is mandatory under the WPCL, but the trial court has discretion with respect to determining the appropriate amount of the fee award."). While the amount of compensatory damages is one of several considerations when assessing the reasonableness of an attorneys' fee request, Pennsylvania does not employ a strict rule of proportionality. ***See Croft v. P & W Foreign Car Service, Inc.***, 557 A.2d 18, 20 (Pa. Super. 1989); ***Neal v. Bavarian Motors***, Inc., 882 A.2d 1022, 1031 (Pa. Super. 2005).

***Ambrose v. Citizens Nat'l Bank of Evans City***, 5 A.3d 413, 418 (Pa. Super. 2010).

In addressing PEECO's claims that the award of attorneys' fees was improper, the trial court offered the following analysis, which we adopt:

> In addition to any judgment awarded to the plaintiff or plaintiffs, the WPCL allows costs for reasonable attorneys' fees of any nature to be paid by the defendant. 43 P.S. § 260.9a(f). An award of attorneys' fees to a prevailing plaintiff is mandatory under the WPCL but the trial court has discretion with respect to determining the appropriate amount of the fee award. While the amount of compensatory damages is one of several considerations when assessing the reasonableness of an attorneys' fee request, Pennsylvania does not employ a strict rule of proportionality. *See* Croft v. P & W Foreign Car Service, Inc., 557 A.2d 18, 20 (Pa. Super. 1989); Neal v. Bavarian Motors, Inc., 882 A.2d 1022, 1031 (Pa. Super. 2005); Ambrose v. Citizens Nat. Bank of Evans City, 5 A.3d 413, 418 (Pa. Super. 2010). While the court may consider the relationship between the damages sought and those actually recovered, it may not lower a fee to achieve proportionality with the size of the verdict. Signora v. Liberty Travel, Inc., 866 A.2d 284, 293 (Pa. Super. 2005).

Reilly sought WPCL relief for two forms of benefits under the Act: severance and compensation. The jury found in his favor and awarded Reilly $2,692.31, which represents the severance Reilly demanded pursuant to the 2008 Employment Agreement. As such, Reilly is the prevailing party. Although the Trial Court recognizes that the jury's verdicts were likely intended to offset awards to either party, an award of attorneys' fees to a prevailing plaintiff is mandatory under the WPCL. PEECO's assertion that Reilly is not a prevailing party is tenuous. This contention is contrary to the Verdict Slip and the Court's Verdict Summary confirming that the jury found in favor of Reilly, at least in part, for his WPCL claim. As an award of attorneys' fees to a prevailing plaintiff is mandatory under the WPCL, the Trial Court was then charged with determining the appropriate amount of the fee award.

As the two matters were consolidated for discovery and trial, this Court further determined that the issues in those actions – Reilly's WPCL allegations and PEECO's claims- were sufficiently intertwined to permit an award of counsel fees.[2] If an employer's defense and/or counterclaims to an employee's WPCL claim "flow from a common set of facts" or stem from "intertwined" or "interrelated" issues, attorney's fees and costs are appropriate for all aspects of the litigation. Ambrose v. Citizens Nat. Bank of Evans City, 5 A.3d 413, 421 (Pa. Super. 2010). To the extent that WPCL claimants overcome an employer's counterclaims, the statute supports an award of attorneys' fees regardless of the nature of those counterclaims. Id. The pertinent statutory language suggests that the determining factor which authorizes the fee-shifting provision is the nature of the action that initiated the litigation, i.e., a wage compensation claim, rather than the nature of the employer's counterclaim. Thus, to the extent that WPCL claimants overcome an employer's counterclaims, the statute supports an award of attorneys' fees regardless of the nature of those counterclaims. Id. Otherwise, employers could simply style their defenses to a WPCL claim as a counterclaim in order to circumvent the fee-shifting provision and force claimants to drop their otherwise meritorious claim through protracted litigation. Id.

[2] PEECO filed a separate complaint in the court of Common Pleas of Delaware County, Pennsylvania seeking damages for replevin, conversion, breach of

the covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract, and violation of the Uniform Trade Secrets Act and Computer Fraud and Abuse Act.

In the instant matter, both actions flow from a common set of facts related to Reilly's employment with PEECO and his eventual termination. Both actions involve disputes related to employment agreements, Reilly's compensation and severance, and Reilly's ultimate termination. **Reilly's WPCL action originally filed in Philadelphia County initiated the litigation but PEECO's complaint filed in Delaware County is analogous to a counterclaim. The issues in the consolidated actions were so intertwined so as to permit an award of counsel fees without segregation of the two cases.**

Trial Court Opinion, 10/15/15, at 10-13 (emphasis added).

Upon review of the certified record, we are constrained to agree with the trial court that Reilly was a prevailing party under the WPCL and that the various matters before the trial court were inter-related and intertwined such that the award of attorneys' fees was appropriate. Accordingly, PEECO's claims to the contrary fail.

In its final issue, PEECO argues that the trial court abused its discretion in failing to reduce the attorneys fees incurred by Reilly. PEECO's Brief at 79-80. Essentially, PEECO contends that the use of two attorneys in this matter by Reilly was duplicative and no fees should be awarded for the second attorney.

We reiterate that:

[j]udicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if,

- 14 -

in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Sigall*, 17 A.3d at 949.

We have reviewed the nearly sixty pages of invoices submitted by the law firm that represented Reilly in this matter, which were presented to the trial court by PEECO as Exhibit 30. We note that PEECO added its own notations to many of the line items on each of the invoices. Of particular interest to our review was the notation of "DUP" indicating "Duplicative Time; time spent on same issue by two attorneys when only one was necessary or prudent." *See* Exhibit 30 at 1 (explaining the various notations added by PEECO to the attorney invoices). We observe that all of the line items carrying the notation of "DUP" either contained no overlapping or duplication of services rendered between the various attorneys on the same date, or there was an invoice reduction in the actual number of hours billed versus the actual number of hours worked by the attorney. Accordingly, we conclude that PEECO's claim of duplication of services and attorney's fees lacks merit.

We last address the following issue raised by Reilly in his appeal:

1. Whether Mr. Reilly, a prevailing employee under the [WPCL] and successful petitioner for award of attorneys' fees and costs incurred through the end of trial, is entitled to recover the attorneys' fees and costs incurred subsequent to his initial fee petition following trial for matters such as responding to fee petition discovery and the fee petition hearing proceedings, as

- 15 -

well as for these instant appeal proceedings, in order to make Mr. Reilly whole again, which is the express purpose of the Act.

Reilly's Brief at 3.

In essence, Reilly argues that the trial court erred in failing to award attorneys' fees relating to the post-trial attempt to recover attorneys' fees from PEECO. Reilly's Brief at 25-29. Reilly asserts that, under the WPCL, additional attorneys' fees should have been awarded to make him whole. We are constrained to agree.

We find the following language from *Ambrose*, in which this Court addressed an employer's challenge to the award of attorneys' fees incurred after the matter previously had been remanded to the trial court, to be instructive on this matter:

> Moreover, to the extent that [the employer] challenges the trial court's decision to award [the employees'] attorneys fees that were generated in litigating the fee-dispute during remand, [the employer] failed to present citation to legal authority to support the proposition that those attorneys' fees are not recoverable. Instead, [the employer] invoked our holding in *Oberneder* that the award must be reasonable and it posed the hypothetical question, "what if an employer's objections are vindicated?" Appellant's brief at 38. This inquiry misses its mark. If an employer is vindicated, the challenged award would be reduced and no additional fees would be awarded to the non-prevailing party. In contrast, **where, as here, the employer's repeated challenges to the award of counsel fees are unsuccessful, the employees must be entitled to the attorneys' fees incurred in rebuffing the unsuccessful challenges.** Accordingly, no relief is due.

*Ambrose*, 5 A.3d at 424 (emphasis added). Such a determination is in keeping with the purpose of the WPCL, which is "to ensure that employees

- 16 -

who are successful in their actions against an employer are made whole again, the statute mandates an award of attorneys' fees in addition to any judgment awarded to a plaintiff." ***Voracek***, 907 A.2d at 1109 (citing ***Oberneder***). As we observed in ***Voracek***:

> Because [the employee] was forced to bring a breach of contract claim to collect that payment, he was entitled to recover attorneys' fees under the WPCL. The award clearly supports the purpose of the WPCL; namely, permitting [the employee] to collect the severance payment which he was owed **without causing him to incur the costs associated with the collection**.

***Voracek***, 907 A.2d at 1109 (emphasis added).

Here, in denying the award of attorneys' fees incurred during post-trial proceedings, the trial court stated, "[T]he Trial Court exercised its discretion and chose not to award any post-trial fees or costs given the verdict of $2,692.31." Trial Court Opinion, 10/15/15, at 14. However, we fail to see how this unexplained exercise of discretion comports with the law and serves the purpose of making the prevailing employee whole. Indeed, Reilly has incurred additional costs associated with the collection of his award and the requisite attorneys' fees due under the WPCL. Accordingly, we remand this matter to the trial court for appropriate consideration and calculation of attorneys' fees.

Order affirmed. The case is remanded for further proceedings pertaining to the post-trial award of attorneys' fees consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2016