Pierre GASTON, Appellee

v.

Saleem MINHAS and John Pascal

**Appeal of Saleem Minhas, Appellant.**

Superior Court of Pennsylvania.

Argued May 1, 2007.

Filed Dec. 5, 2007.

454

Kevin R. McNulty, Philadelphia, for appellant.

Kevin Parker and Joseph W. Denneler, Philadelphia, for appellee.

BEFORE: TODD, J., McEWEN, P.J.E., and JOHNSON, J.

OPINION BY TODD, J.:

¶ 1 In this personal injury action, Saleem Minhas appeals the judgment entered by the Philadelphia County Court of Common Pleas following the denial of his post-trial motion.[1] We reverse and remand for a new trial.

¶ 2 This case stems from a three-vehicle accident that occurred on December 29, 2002. Appellee, Pierre Gaston, was stopped at a stop sign when his vehicle was struck by two vehicles—one driven by Minhas and the other driven by John Pascal. Following the accident, Gaston received treatment from Dr. Richard J. Walinsky of All–Care Chiropractic, P.C., and from Steven R. Schopick, M.D., a neurological surgeon, for the injuries he sustained in the accident.[2] In September 2004, Gaston sued Minhas and Pascal, and an arbitration panel thereafter issued an award on September 13, 2005 in Gaston's favor and against Minhas in the amount of $10,000.[3] Minhas appealed, after which Gaston filed a stipulation pursuant to Rule 1311.1 of the Pennsylvania Rules of Civil Procedure, agreeing to limit his damages' recovery to $15,000.[4] Pursuant to Rule 1311.1, which eliminates certain documentary authentication requirements, Gaston subsequently provided notice to the parties of his intention to introduce medical records, including the discharge report and treatment notes of Dr. Walinsky, into evidence at trial without live testimony. Minhas, in turn, as further permitted by that rule, subpoenaed Dr. Walinsky to testify at trial. The case eventually proceeded to trial in March 2006, where Dr. Walinsky

---

1. Minhas purports to appeal the April 5, 2006 order denying his post-trial motion. However, this appeal properly lies from the June 22, 2006 entry of final judgment in favor of Pierre Gaston. *See K.H. v. J.R.*, 573 Pa. 481, 494–95, 826 A.2d 863, 871–72 (2003). We have corrected the caption accordingly.

2. Dr. Walinsky treated Gaston from December 30, 2002 until April 18, 2003.

3. The panel ruled in favor of Pascal.

4. Rule 1311.1(a) was recently amended to increase the maximum amount of recoverable damages to $25,000.

appeared in response to the subpoena, but refused to testify on Fifth Amendment grounds.[56] Based on this refusal, Minhas objected to the admission of Dr. Walinsky's records. The court overruled the objection and allowed the records into evidence, after which the jury returned a verdict on March 15, 2006 in favor of Gaston and against Minhas in the amount of $50,000. The court then molded the verdict to the stipulated amount of $15,000, and Minhas filed a post-trial motion for a new trial or judgment notwithstanding the verdict. The court denied the motion, judgment was entered, and this appeal followed wherein Minhas presents one issue for our review:

Whether the Trial Court erred in refusing to exclude the medical records of [Gaston's] treating chiropractor where that same chiropractor, Richard [Walinsky], D.C., refused to answer any questions while on the stand pertaining to his medical records, ostensibly due to his privilege against self-incrimination due to a pending criminal investigation which arose from his fraudulent billing practices in treating [p]laintiffs in motor vehicle cases?

(Appellant's Brief at 4.)

■ ¶ 3 We first note that the admission or exclusion of evidence is a matter within the sound discretion of the trial court, which may only be reversed for an abuse of discretion. *Capoferri v. Children's Hosp. of Philadelphia*, 893 A.2d 133, 143 (Pa.Super.2006). Further, to constitute reversible error, an evidentiary ruling must not only be erroneous, but also prejudicial to the complaining party. *Id.*

■ ¶ 4 Minhas argues that the trial court's failure to exclude Dr. Walinsky's discharge report and treatment notes, after he invoked his Fifth Amendment rights and refused to answer substantive questions, violates the intent and spirit of Rule 1311.1 and constitutes an abuse of discretion. For the following reasons, we agree.

¶ 5 Rule 1311.1 provides, in pertinent part:

(a) The plaintiff may stipulate to $15,000.00 [now $25,000] as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators. . . .

(b) If the plaintiff has filed and served a stipulation as provided in subdivision (a), any party may offer at trial the documents set forth in Rule 1305(b)(1).[7] The documents offered shall be admitted if the party offering them has provided

---

5. The basis for his Fifth Amendment claim does not appear in the record. However, according to Minhas, Dr. Walinsky was indicted in August 2004 for allegedly engaging in fraudulent billing practices.

6. Although the trial court indicates in its opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure that it precluded Dr. Walinsky's testimony on the grounds that he was only being called as a fact witness, this is not apparent from the record, which instead reflects that Dr. Walinsky simply refused to testify.

7. Rule 1305(b)(1) states:
   The following documents shall be admitted into evidence if at least twenty days' notice

of the intention to offer them was given to every other party accompanied by a copy of each document to be offered:
(i) bills or other documents evidencing charges incurred;
(ii) records of businesses, government departments, agencies or offices, subject to statutory restrictions, provided that these are records which would otherwise be admissible if authenticated by a custodian or records;
(iii) records and reports of hospitals and licensed health care providers;
(iv) expert reports and descriptions of expert qualifications;
(v) written estimates of value, damage to, cost of repair of or loss of property; and

written notice to every other party of the intention to offer the documents at trial at least twenty days from the date the appeal is first listed for trial. . . .

\* \* \*

(d) Any other party may subpoena the person whose testimony is waived by this rule to appear at or serve upon a party a notice to attend the trial and any adverse party may cross-examine the person as to the document as if the person were a witness for the party offering the document. The party issuing the subpoena shall pay the reasonable fees and costs of the person subpoenaed to testify, including a reasonable expert witness fee if applicable.

Pa.R.Civ.P. 1311.1.

¶ 6 As the comment to Rule 1311.1 reflects, the rule introduced to trials on appeal from compulsory arbitration the practice of admitting certain types of documents into evidence without witness authentication, which was already the practice in arbitration hearings pursuant to Rule 1305. The provisions of Rule 1311.1 closely track the provisions of Rule 1305, varying only where necessary to accommodate the procedural posture of a trial rather than an arbitration hearing. *See* Pa.R.Civ.P. 1311.1, Explanatory Comment. Significant to this case, subsection (d) of Rule 1311.1 is virtually identical to subsection (b)(4) of Rule 1305, which allows non-offering parties in arbitration proceedings to subpoena the authors of the documents and cross-examine them as if they were a witness for the party offering the document.

¶ 7 Although both Rules 1311.1 and 1305 clearly provide that a non-offering party has a right to subpoena and cross-examine

(v) reports of rate of earnings and time lost from work or lost compensation prepared by an employer.

the author of the document being offered into evidence, neither rule specifies what should happen when the subpoenaed party refuses to testify, as occurred here. Nonetheless, we find the explanatory comment to Rule 1305 to be helpful in this regard. According to the comment,

> The . . . provisions of [Rule 1305] apply, of course, only to documents which are prepared by a person who is within the subpoena power of the court in which the action is pending. The special relaxation of the rules of evidence is conditioned on the power of the opponent to subpoena the person whose testimony is waived; if that is not possible, for territorial or other reasons, the foundation for the special rule disappears, and the proponent must follow the normal rules of evidence.

Pa.R.C.P. 1305, Comment.

¶ 8 The notion that the foundation for Rule 1305, and by extension Rule 1311.1, disappears when it is impossible to subpoena the person whose testimony is waived applies equally to instances where the subpoenaed witness cannot or will not testify about the document being offered into evidence under these rules. In both instances, the protection built into the rules for non-offering parties—their right to cross-examine the witness about the document— is eviscerated, eliminating the foundation for these special rules.

■ ¶ 9 For the foregoing reasons, and guided by the explanatory comment to Rule 1305, we find that where a witness subpoenaed to testify pursuant to Rule 1311.1 refuses to testify, as occurred here, the relaxed provisions of Rule 1311.1 do not apply and the normal rules of evidence must be followed. As applied to this case,

Pa.R.Civ.P. 1305(b)(1).

the trial court erred by admitting Dr. Walinsky's discharge report and treatment notes into evidence pursuant to Rule 1311.1 after the doctor refused to answer any substantive questions about those documents. As Minhas argues, by failing to exclude Dr. Walinsky's report and notes, the trial court denied Minhas the right to cross-examine the doctor on those documents, which clearly caused him prejudice because it allowed the doctor's diagnosis and treatment of Gaston to go to the jury unchallenged. Given the trial court's error in failing to exclude Dr. Walinsky's discharge report and notes, which we cannot conclude was harmless since it could have contributed to the verdict, *see In re M.T.*, 414 Pa.Super. 372, 392, 607 A.2d 271, 281 (1992), we reverse and remand for a new trial on damages only.[8]

¶ 10 Judgment **REVERSED.** Case **REMANDED** for a new trial on damages. Jurisdiction **RELINQUISHED.**

---

**8.** We remand for a new trial on damages only because no one contests the jury's determination that Minhas was entirely liable for the accident. *See Nykiel v. Heyl*, 838 A.2d 808, 811 (Pa.Super.2003) (this Court may grant a new trial limited to the issue of damages where, *inter alia*, the issue of liability has been fairly determined or is free from doubt).