J-S66024-15

2016 PA Super 9

| | |
|---|---|
| CREDITONE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL A. SCHOFIELD | |
| Appellant | No. 475 WDA 2015 |

Appeal from the Judgment Entered February 23, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No: AR-09-001551

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

OPINION BY STABILE, J.:                        **FILED JANUARY 20, 2016**

Appellant, Paul A. Schofield, appeals from the February 23, 2015 judgment entered against him and in favor of Appellee, CreditOne, LLC, in the amount of $10,330.00 plus costs.  Appellant challenges the propriety of Appellee's introduction of documentary evidence pursuant to Pa.R.C.P. 1311.1(b).  That rule permits a party to introduce unauthenticated documentary evidence in a *de novo* trial following arbitration.  Appellant argues Rule 1311.1(b) does not apply here because the person who could have authenticated the documents is beyond the subpoena power of the court.  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellee is the assignee of Appellant's credit card debt. Appellee's predecessor in interest, Citibank, issued Appellant a credit card pursuant to a cardholder agreement. Appellant used the card from 2002 through 2004, making sporadic payments. On April 5, 2004, Appellant made a $100 payment to Citibank against an alleged balance due of $12,758.09. Appellant made no further payments. Citibank assigned the account to DebtOne LLC, which in turn assigned the account to Appellee. Appellee commenced an arbitration action, pursuant to Pa.R.C.P. 1301, *et. seq.*, to collect the balance due from Appellant. Appellee prevailed at arbitration, and Appellant appealed to a *de novo* non-jury trial.

On August 16, 2011, Appellee elected, pursuant to Pa.R.C.P. No. 1311.1(a), a limit of $25,000.00 as the maximum amount of damages recoverable from the *de novo* trial. Appellee also noticed its intent to produce documentary evidence under Rule 1311.1(b). As noted above, Rule 1311(b) relaxes the rules of evidence governing the admission of certain types of documentary evidence at a *de novo* trial. Among the documents Appellee introduced pursuant to Rule 1311.1(b) were billing statements and documentation of the assignments from Citibank to DebtOne, LLC, and from DebtOne LLC to Appellee.

At the conclusion of the *de novo* trial on January 9, 2012, the court entered a verdict in favor of Appellee. The trial court denied Appellant's post-trial motions on June 4, 2012. Appellee finally reduced the verdict to

judgment on February 23, 2015. This timely appeal followed. Appellant states the sole question presented as follows:

> Whether the business records of the Appellee were admissible pursuant to Pa.R.C.P. 1311.1 when the entity that produced the records was beyond the jurisdiction of Pennsylvania Courts?

Appellant's Brief at 1.

Our standard of review is well settled. "When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law." *Commonwealth Fin. Sys., Inc. v. Smith*, 15 A.3d 492, 496 (Pa. Super. 2011) (citation omitted).

Rule 1311.1 provides, in pertinent part, as follows:

> **Rule 1311.1. Procedure on Appeal. Admission of Documentary Evidence**
>
> (a) The plaintiff may elect a limit of $25,000.00 as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators. [. . .]
>
> (b) If the plaintiff has filed and served an election as provided in subdivision (a), any party may offer at trial the documents set forth in Rule 1305(b)(1).[1] The documents offered shall be admitted if the party offering them has provided

---

[1] Rule 1311.1(b) tracks Rule 1305(b). Rule 1305 applies to documentary evidence introduced at arbitration, whereas Rule 1311.1 applies during the *de novo* trial. Rules 1311.1 and 1305 are otherwise very similar in substance.

written notice to every other party of the intention to offer the documents at trial at least twenty days from the date the appeal is first listed for trial. The written notice shall be accompanied by a copy of each document to be offered.

(c) A document which is received into evidence under subdivision (b) may be used for only those purposes which would be permissible if the person whose testimony is waived by this rule were present and testifying at the hearing. The court shall disregard any portion of a document so received that would be inadmissible if the person whose testimony is waived by this rule were testifying in person.

(d) Any other party may subpoena the person whose testimony is waived by this rule to appear at or serve upon a party a notice to attend the trial and any adverse party may cross-examine the person as to the document as if the person were a witness for the party offering the document. The party issuing the subpoena shall pay the usual and customary fees and costs of the person subpoenaed to testify, including a usual and customary expert witness fee if applicable.

Pa.R.C.P. No. 1311.1.

This Court has explained the purpose of Rule 1311.1 as follows:

Rule 1311.1, addressing introduction of evidence on appeal from the award of arbitrators, contributes to the overall goal of compulsory arbitration by reducing the time and costs associated with calling witnesses to authenticate documents that are introduced into evidence at the trial *de novo.* In exchange for this cost-saving benefit, plaintiff agrees to limit damages to [$25,000[2]], regardless of the jury's verdict in his or her favor.

*LaRue v. McGuire*, 885 A.2d 549, 553 (Pa. Super. 2005).

As noted above, Appellee made the election under subsection (a) and

introduced documentary evidence under subsection (b). Appellant does not

---

[2] Subsequent to *LaRue*, the damages cap was raised to $25,000 from $15,000.

- 4 -

challenge Appellee's compliance with the notice requirements of subsection (b). Subsection (b) in turn references Rule 1305(b)(1), which permits, among other things, introduction of bills and business records without authentication from a records custodian. Pa.R.C.P. No. 1305(b)(1)(i-ii). Appellant does not dispute that the documents in question are of the variety permitted by Rule 1305(b)(1).

The crux of the parties' dispute arises under subsection (d), which gave Appellant the right to subpoena an appropriate person to authenticate and/or testify regarding the contents of any evidence introduced under subsection (b). Subsection (d) also gave Appellant the right to issue a notice to attend to Appellee. The comment to Rule 1305 illustrates the significance of subsection (d):

> The foregoing provisions of subdivisions (b) and (c) apply, of course, only to documents which are prepared by a person who is within the subpoena power of the court in which the action is pending. The special relaxation of the rules of evidence is conditioned on the power of the opponent to subpoena the person whose testimony is waived; if that is not possible, for territorial or other reasons, the foundation for the special rule disappears, and the proponent must follow the normal rules of evidence.

Pa.R.C.P. No. 1305, comment. This Court previously has relied on the Comment to Rule 1305 to decide an issue under Rule 1311.1, given the substantive similarity between the two rules. *Gaston v. Minhas*, 938 A.2d 453, 456 (Pa. Super. 2007).

At trial, Appellant's counsel offered the following objection:

- 5 -

My position is that my client in his admissions - - it looked real and he couldn't verify the amount, but he thinks it's correct. He may owe the money, but our argument is that we don't think he owes it to [Appellee]. It was originally City Card [sic], and they assigned it to a company called Debtor One [sic], who in turn assigned it to CreditOne. There have been two assignments.

[…]

Well, both the original creditor, the first assignee, and the second assignee, are all out of state, so I don't think 1305 applies here.

Notes of Testimony, Trial, 1/9/12, at 4-5.

The trial court rejected Appellant's argument because Appellant failed to subpoena Appellee to produce an individual to testify regarding the documents in question. The trial court noted that Appellee's chief financial officer, who verified Appellee's complaint, was a signatory to both assignment agreements:

However, Exhibits 1, 2, and 3 were also executed by Suzanne Middleton, who was designated as the CFO of DebtOne LLC on Exhibits 1, 2, and 3. Importantly, the Complaint [. . .] was verified by **"Suzanne Middleton, Chief Financial Officer of CreditOne, LLC., plaintiff herein . . ."**

Trial Court Opinion, 7/16/15, at 5 (emphasis in original). Thus, a person within the trial court's subpoena power was available to authenticate Appellee's documentary evidence if necessary. The trial court concluded that Middleton could have served as a person with knowledge, per Pa.R.E. 901(1) to authenticate the documents at issue.

In his brief, which offers a mere two paragraphs of argument, Appellant seemingly concedes that he should have subpoenaed Suzanne

Middleton. Appellant's Brief at 3. At the very least, Middleton could have authenticated the assignment agreements. Appellant argues nonetheless that Citibusiness, the original producer of the credit card billing statements, is in Nevada and therefore beyond the subpoena power of the trial court. Appellant did not address the trial court's finding that Middleton would have sufficient knowledge to authenticate the records that changed hands pursuant to the assignment.

We agree with the trial court that Appellant's failure to issue a subpoena or notice to attend pursuant to Rule 1311.1(d) is fatal to his argument on appeal. Perhaps, after listening to Appellant's examination of Middleton or Appellee's designee, the trial court would have found some or all of Appellee's documentary evidence inadmissible. Or, if the trial court deemed all the evidence admissible after listening to authentication testimony, Appellant could have presented this Court with a fully developed record upon which to assess the trial court's exercise of discretion. Rule 1311.1(d) puts the onus on the party challenging the admissibility of documentary evidence under Rule 1311.1(b) to take appropriate action.

For example, in **Gaston**, a witness subpoenaed pursuant to Rule 1311.1(d) refused to testify, citing the Fifth Amendment. **Gaston**, 938 A.2d at 454-55. The witness was the plaintiff's treating doctor, and among the documents in question were the doctor's treatment notes. **Id.** at 454. This Court held the trial court erred in admitting the documents under Rule

1311.1, given the preparing doctor's refusal to testify. *Id.* at 456-57. Instantly, by way of contrast, Appellant failed to subpoena an available witness or issue a notice to attend to Appellee. Consequently, the record contains nothing more than Appellant's bald assertion that Middleton could not have sufficiently authenticated the credit card statements in question. We therefore have no basis upon which to grant relief.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016