J-S96013-16

2017 PA Super 53

| | |
|---|---|
| JEFFREY P. GRIMM, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| UNIVERSAL MEDICAL SERVICES, INC. AND RODERICK K. REEDER, CFO, | |
| Appellants | No. 591 WDA 2016 |

Appeal from the Order Entered March 24, 2016
In the Court of Common Pleas of Beaver County
Civil Division at No(s): 10815-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

OPINION BY BENDER, P.J.E.:                **FILED March 1, 2017**

Appellants, Universal Medical Services, Inc. and Roderick K. Reeder, CFO, appeal from the trial court's March 24, 2016 order granting Appellee's, Jeffrey P. Grimm, request for attorneys' fees.  In this appeal raising an issue of first impression, we must consider the interplay between the Pennsylvania Wage Payment and Collection Law (referred to herein as "WPCL")[1] and Pennsylvania Rule of Civil Procedure 1311.1, which allows a plaintiff to limit the maximum amount of damages recoverable to $25,000.00 in exchange

---

[1] 43 P.S. § 260.1, *et seq*.

for relaxed requirements in admitting certain documentary evidence at a *de novo* trial following compulsory arbitration.  After close review, we affirm.[2]

The trial court stated the factual background and procedural history of this case as follows:

> This is a two-count action brought by [Appellee], Jeffrey P. Grimm, against [Appellants], Universal Medical Services, Inc. (hereinafter "Universal") and Roderick K. Reeder, CFO.  In Count I, [Appellee] asserted a breach of contract action against [Appellant] Universal … for failure to reimburse [Appellee] for business expenses and in Count II, [Appellee] asserted a [WPCL] claim against both [Appellants] on the same basis.  The matter proceeded through compulsory arbitration before an arbitration panel of this [c]ourt, with an award in favor of [Appellants].
>
> [Appellee] appealed that arbitration award to the [c]ourt and filed an election to limit monetary recovery to $25,000 pursuant to Pa.R.Civ.P. 1311.1.  A jury trial was held commencing on Monday, January 18, 2016, resulting in a verdict in favor of [Appellee] and against [Appellant] [] Universal, with regard to both counts on January 20, 2016.  The jury found in favor of [Appellant], Roderick K. Reeder, with regard to Count II

---

[2] Before delving into the merits of this appeal, we acknowledge that Appellants failed to file a reproduced record pursuant to Pennsylvania Rules of Appellate Procedure 2101 and 2188.  *See* Pa.R.A.P. 2101 ("[R]eproduced records shall conform in all material respects with the requirements of these rules … and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); Pa.R.A.P. 2188 ("If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter.").  Although Appellee argues that this appeal should be quashed on this basis — and we admonish Appellants for their noncompliance with the Rules — their failure to file a reproduced record does not "preclude our ability to properly evaluate and address the substantive arguments advanced by the parties." ***Hagel v. United Lawn Mower Sales & Service, Inc.***, 653 A.2d 17, 19 (Pa. Super. 1995).  We therefore decline to quash this appeal.

([WPCL]). The jury awarded damages to [Appellee] in the amount of $11,683.92[,] and found that [Appellant Universal] acted in bad faith in denying the reimbursement. Accordingly, the [c]ourt added 25%, or $2,920.98, to the jury award, bringing the total award to $14,604.90.

[Appellee] requested attorney[s'] fees and costs, and this [c]ourt scheduled a hearing on that matter on March 3, 2016. At the hearing, [Appellee] presented evidence regarding his claim for attorney[s'] fees and costs, and counsel for both parties argued certain matters to the [c]ourt, including an issue of first impression. For the reasons specified below, this [c]ourt granted [Appellee's] claim for attorney[s'] fees.

As stated above, [Appellee] made claims for both breach of contract and [a] violation of the [WPCL]. The essence of the claims is that [Appellee] permitted use of his credit card by an employee working for [Appellant] Universal. [Appellee] was the chief executive officer of [Appellant] Universal and left his employment with Universal in dispute. The evidence at trial revealed that Universal had an employee by the name of Bill Dunford. Universal had an account with a corporate customer by the name of Welsh Allen. Dunford worked on this account and was required to travel to service the account. Dunford could not meet the financial requirements of the travel on his own, and [Appellee] arranged for Dunford to have access to his ([Appellee's]) credit card for use on these business trips.

[Appellee] submitted the expenses on the credit card for reimbursement by [Appellant] Universal, and the expenses were paid for a period of time. [Appellee] claimed that he was not fully reimbursed for the expenses and made claim for the outstanding balance due.

[Appellant Universal] contended that many of the expenses were Dunford's personal expenses and that [Appellee] had been fully reimbursed for all business expenses claimed. The factual dispute was submitted to the jury based upon the evidence at trial. As stated above, the jury found in favor of [Appellee] and against [Appellant] Universal on both counts in the amount of $11,683.92. Since the jury determined that [Appellant] Universal acted in bad faith, the [c]ourt awarded $2,920.98 in liquidated damages (25% of the verdict), pursuant to 43 P.S. § 260.10, bringing the total award to $14,604.90.

Also, as noted above, [Appellee] appealed the arbitration award against him pursuant to Pa.R.Civ.P. 1311.1, which included an election to limit monetary recovery to $25,000. At the hearing on March 3, 2016, [Appellee] presented evidence showing $25,946.25 for attorney[s'] fees, including an amount for preparation for the hearing on March 3, 2016[,] and costs, such as attorney travel expenses, filing fees, etc., in the amount of $2,529.51. The total claimed for attorney[s'] fees and costs is $28,475.76, which brings the total amount claimed between the jury verdict, the addition of liquidated damages and attorney[s'] fees and costs to $43,080.66, and which exceeds the $25,000 monetary limit provided for as a cap in Pa.R.Civ.P. 1311.1. This presents the [c]ourt with the issue[] of whether attorney[s'] fees can be awarded in the amount claimed in excess of the Rule 1311.1 cap….

Trial Court Opinion (TCO), 3/24/2016, at 1-3 (internal headings omitted).[3]

In disposing of the issue regarding whether Appellee may receive attorneys' fees in excess of Rule 1311.1's cap, the trial court acknowledged that "[t]his is an issue of first impression in Pennsylvania, and the [c]ourt could not find any case law or statutory authority addressing this issue under the [WPCL]." *Id.* at 4. Nevertheless, after carefully considering and

_____

[3] We note that the trial court did not issue a designated Pa.R.A.P. 1925(a) opinion, but instead relied on its thorough memorandum opinion, dated March 24, 2016, which was issued in conjunction with the order granting Appellee's request for attorneys' fees *See* Trial Court Order, 5/25/2016 (explaining that it did not "issue any further [o]pinion with regard to the Statement of Errors Complained of on Appeal because the [c]ourt believes it has adequately addressed the issues raised in [Appellants'] Statement of Errors on pages 4 through 6 of its [m]emorandum [o]pinion issued on March 24, 2016 in this case"). *See also* Pa.R.A.P. 1925(a)(1) ("Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order….").

comparing relevant case law, the trial court determined that it was compelled to award attorneys' fees to a prevailing plaintiff under the WPCL, even though it caused Appellee's total award to surpass the $25,000 monetary limit set forth in Rule 1311.1. *See id.* at 6.

In their appeal to this Court, Appellants raise the following issue for our review:

> Whether it is error for a trial court to mold a jury verdict to add attorney[s'] fees to an award for wages under the [WPCL] and thus increase the total verdict in excess of $25,000 following [Appellee's] election to proceed at trial under [Pa.R.C.P.] 1311.1?

Appellants' Brief at 9 (formatting omitted).

Initially, to the extent we must interpret Rule 1311.1, we note that "[b]ecause questions concerning interpretation of the Rules of Civil Procedure raise questions of law, we are not constrained by the determination of the trial court; our standard of review is *de novo*." **LaRue v. McGuire**, 885 A.2d 549, 553 (Pa. Super. 2005) (citation, emphasis, and quotation marks omitted). Similarly, to the extent we must interpret the WPCL, we acknowledge that, "[a]s the proper interpretation of a statute is a pure question of law, our standard of review is *de novo* and our scope of review is plenary." **Meyer v. Community College of Beaver County**, 93 A.3d 806, 813 (Pa. 2014) (citation omitted).

In the case *sub judice*, Appellants argue that "[a] plaintiff may take full advantage of the statutory damages available under the WPCL if he so chooses[;]" however, "once that same plaintiff elects to take advantage of a

procedural rule allowing him to forego the authentication of documentary evidence in exchange for a limit on his total award, [] he cannot add a legislative remedy that would result in an award in excess of his own voluntarily imposed cap." Appellants' Brief at 18. Moreover, Appellants assert that allowing an award in excess of the cap in the case at bar "would give effect to an act of the legislature that is wholly inconsistent with the rules promulgated by the Pennsylvania Supreme Court." *See id.* at 10.[4] We disagree.

Rule 1311.1 provides, in part, the following:

(a) *The plaintiff may elect a limit of $25,000.00 as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators.* The election shall be filed and served upon every other party at least thirty days from the date the appeal is first listed for trial. The election may be withdrawn at any time by agreement of the parties. If the parties cannot agree, upon plaintiff's motion to withdraw the election, the court may grant the withdrawal of the election upon good cause shown.

(b) *If the plaintiff has filed and served an election as provided in subdivision (a), any party may offer at trial*

---

[4] Appellants argue that, "the WPCL is a creation of the legislature, and in accordance with Pa.R.C.P. 133[, ] this provision must be suspended because it is inconsistent with Rule 1311.1." Appellants' Brief at 18. *See also* Pa.R.C.P. 133 ("All laws shall be suspended to the extent that they are inconsistent with rules prescribed under the Constitution of 1968."). Although Appellants point to this authority, they do not coherently elaborate on it and, in any event, we do not conclude that the WPCL and Rule 1311.1 are inconsistent, as discussed *infra*.

***the documents set forth in Rule 1305(b)(1).***[5]   The documents offered shall be admitted if the party offering them has provided written notice to every other party of the intention to offer the documents at trial at least twenty days from the date the appeal is first listed for trial.  The written notice shall be accompanied by a copy of each document to be offered.

(c) A document which is received into evidence under subdivision (b) may be used for only those purposes which would be permissible if the person whose testimony is waived by this rule were present and testifying at the hearing.  The court shall disregard any portion of a document so received that would be inadmissible if the person whose testimony is waived by this rule were testifying in person.

(d) Any other party may subpoena the person whose testimony is waived by this rule to appear at or serve upon a party a notice to attend the trial and any adverse party may cross-examine the person as to the document as if the person were a witness for the party offering the document.  The party issuing the subpoena shall pay the usual and customary fees and costs of the person subpoenaed to testify, including a usual and customary expert witness fee if applicable.

   (1) If another party subpoenas or otherwise arranges for the attendance at trial of the person whose testimony is

---

[5] Rule 1305(b)(1) delineates documents that shall be admitted into evidence at arbitration hearings if at least twenty days' notice of the intention to offer them, along with copies of all documents, are given to every other party. **See** Pa.R.C.P. 1305(b)(1).  Specifically, it "relaxes the rules of evidence as to the introduction of certain types of written evidence[,]" by making it unnecessary to produce a witness to identify or authenticate certain documents, including, *inter alia*, bills or other documents evidencing charges incurred.  **See** Pa.R.C.P. 1305, Comment; **see also** Pa.R.C.P. 1305(b)(1). In other words, "[t]he document will speak for itself as to its authenticity, subject of course to objection to its relevance or any other objection to its admissibility other than authenticity…." Pa.R.C.P. 1305, Comment.  Further, while we share this information in order to provide context for interpreting Rule 1311.1, we note that "[t]his Court previously has relied on the Comment to Rule 1305 to decide an issue under Rule 1311.1, given the substantive similarity between the two rules." **CreditOne, LLC v. Schofield**, 131 A.3d 75, 78 (Pa. Super. 2016) (citation omitted).

> waived by this rule, the document may be presented to the judge or jury as direct examination as if the person has not been subpoenaed by another person, or the plaintiff may conduct a direct examination of the witness.
>
> (2) Any party, or the person subpoenaed, may require that the testimony be given by deposition pursuant to Pa.R.C.P. 4020(a)(5). The party issuing the subpoena shall pay the witness's usual and customary fee for such testimony.

Pa.R.C.P. 1311.1(a)-(d) (emphasis added).

The core of the parties' dispute is over the meaning of the term "damages recoverable" in Rule 1311.1(a), and whether it encompasses attorneys' fees under the WPCL, particularly given how our courts have treated awards of attorneys' fees under that statute. Preliminarily, Appellants do not argue that, nor cite to any authority where, attorneys' fees under the WPCL have been characterized as damages. Nevertheless, Appellants contend that "damages recoverable" encompasses "the total award in the present case, inclusive of wages, statutory liquidated damages, and attorney[s'] fees," which "cannot exceed a total of $25,000." Appellants' Brief at 16 (footnote omitted). Appellee, on the other hand, asserts that "attorney[s'] fees under the [WPCL] are not 'damages recoverable,' but payments in addition to the jury award in order to make [Appellee] whole." *See* Appellee's Brief at 12.

Because of the ambiguity regarding the meaning of this term, we consider the impetus behind Rule 1311.1.[6] This Court has previously discussed the purpose of Rule 1311.1, explaining:

> Rule 1311.1, addressing introduction of evidence on appeal from the award of arbitrators, contributes to the overall goal of compulsory arbitration by reducing the time and costs associated with calling witnesses to authenticate documents that are introduced into evidence at the trial *de novo*. In exchange for this cost-saving benefit, plaintiff agrees to limit damages to [$25,000], regardless of the jury's verdict in his or her favor.

*CreditOne, LLC*, 131 A.3d at 78 (citation and footnote omitted; brackets in original). We have also observed that, "[a]lthough Rule 1311.1 is a shortcut that can speed up trials—and prevent defendants from forcing plaintiffs to spend a great deal of money on expert testimony in minor cases to essentially preclude the appeal—it is not designed to eliminate a plaintiff's right to adequate compensation." *Dolan v. Fissell*, 973 A.2d 1009, 1013 (Pa. Super. 2009) (holding that there was no abuse of discretion or error in

_____

[6] We are guided by Pa.R.C.P. 127, which provides in relevant part:

> (c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

*See* Pa.R.C.P. 127(c).

allowing a plaintiff to withdraw a Rule 1311.1 stipulation). ***See also***

***Kopytin v. Aschinger***, 947 A.2d 739, 750 (Pa. Super. 2008) (Klein, J.,

concurring) (explaining that "[t]he purpose of the rule seems to be

preventing the defense in a minor case from making it so expensive for the

plaintiff to try the case … that he or she would succumb to a low-ball

offer[,]" and that "[b]efore the rule, the very act of taking an appeal, while

perfectly proper, could provide unfair leverage to the defense. Rule 1311.1

helps remove that leverage").

Although the application of Rule 1311.1's damages cap has never been

considered by this Court within the context of attorneys' fees under the

WPCL, the trial court relied on other appellate court cases where additional

damages — namely delay damages under Pa.R.C.P. 238[7] — were permitted

even though they caused the total award to exceed an existing cap on

compensatory damages. In its analysis, the trial court aptly explained:

---

[7] Rule 238 provides, in relevant part, the following:

> (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

***See*** Pa.R.C.P. 238(a)(1).

An analogous situation was presented in *Allen v. Mellinger*, 567 Pa. 1, 784 A.2d 762 ([Pa.] 2001). In that case, the Pennsylvania Supreme Court was confronted with the issue of the interplay between delay damages in cases involving bodily injury, death or property damage under Pa.R.Civ.P. 238 and the statutory cap of $250,000 when the Commonwealth is a defendant in a bodily injury claim under 42 Pa.C.S.[] § 8528(b). As then Justice, later Chief Justice, Cappy stated in a concurring and dissenting Opinion in *Allen*, "Rule 238 seeks to encourage settlement and achieve a prompt disposition of cases so as to unclutter the [c]ourt[s'] dockets. The Rule also serves to compensate a plaintiff for the delay in receiving funds rightly due to him, but which remain in the defendant's hands during the litigation process." [*Allen*,] 567 Pa. at 19, 784 A.2d at 772-[]73. Justice Cappy went on to state that "in essence, Rule 238 delay damages are 'an extension of the compensatory damages necessary to make a plaintiff whole.'" *Id.* at 19, 784 A.2d at 773, quoting *Colodonat*[*o*] *v. Consolidated Rai[l] Corp.*, 504 Pa. 80, 87, 470 A.2d 475, 479 (1983).

Relying upon Justice Cappy's analysis in *Allen*, the Pennsylvania Superior Court addressed the issue of whether delay damages may be added to an award and thereby cause the total amount recovered by the plaintiff to exceed the limit provided for in Rule 1311.1 in *LaRue*…. The Superior Court held that the total amount of delay damages may be added to the damage award even if the amount exceeds the Rule 1311.1 limit citing the policy concerns behind Rule 238 damages. Specifically, at page[s] 555-[]56 of the *LaRue* Opinion, the Superior Court stated:

> In fact, Rule 238, which the Supreme Court promulgated to encourage settlement of disputes, and Rule 1311.1, which that [C]ourt adopted to expedite less expensive resolution of disputes, both address some of the same policy concerns; reducing time-and-expense consuming litigation[] that siphons off scarce judicial resources and drains plaintiffs' pockets. Just as neither the Sovereign Immunity Act nor the Compulsory Arbitration Act eliminates the risk of delay damages, so too, Rule 1311.1 does not shield a defendant from the consequences of his or her failure to consider settling the case.

TCO at 4-5 (quoting *LaRue*, 885 A.2d at 555-56; original brackets omitted).

Most significant to the matter at hand, this Court in **LaRue** emphasized that Rule 1311.1 does not eliminate the policy concerns motivating Rule 238, and determined that delay damages may be awarded even if they cause the total award to exceed Rule 1311.1's cap. **See LaRue**, 885 A.2d at 554-56. Guided by this authority, the trial court in the case at bar determined that "[t]he same type of policy concerns exist under the [WPCL.]" TCO at 5. It concluded that "like the decisions in **Allen** and **LaRue** cited above, a prevailing plaintiff in a [WPCL] claim must be made whole and not be required to expend his or her award to pay his or her attorney." **Id.** at 6. Indeed, our review of pertinent authority regarding attorneys' fees under the WPCL supports this conclusion.

This Court has previously explained that "Pennsylvania enacted the WPCL to provide a vehicle for employees to enforce payment of their wages and compensation held by their employers." **Hartman v. Baker**, 766 A.2d 347, 352 (Pa. Super. 2000) (citation omitted). "The underlying purpose of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy when an employer breaches its contractual obligation to pay wages." **Id.** (citation and brackets omitted). Further, "[t]he WPCL does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement." **Id.** (citation omitted).

Regarding attorneys' fees, the WPCL sets forth that "[t]he court in any action brought under this section shall, *in addition to any judgment awarded to the plaintiff or plaintiffs*, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."  43 P.S. § 260.9a(f) (emphasis added).[8]  Our Supreme Court has interpreted this provision to mean that "an award of attorneys' fees to a prevailing employee in an action brought under the [WPCL] is *mandatory*."  *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 151 (Pa. 1997) (emphasis added).  We have stated that "the primary goal of the WPCL is to *make whole again*, employees whose wages were wrongfully withheld by their employers." *Voracek v. Crown Castle USA Inc.*, 907 A.2d 1105, 1109 (Pa. Super. 2006) (citation omitted; emphasis added).  Consequently, "to ensure that employees who are successful in their actions against an employer are made whole again, *the statute mandates an award of attorneys' fees in addition to any judgment awarded to a plaintiff*."  *Id.* (citations omitted; emphasis added).  We have elaborated on the logic behind this mandate, explaining:

> This interpretation is consistent with the general import of the statute, and goes to the very "essence" of its goal of making an

---

[8] We point out that this language is similar to the language of Rule 238, *supra.*  *See* Pa.R.C.P. 238 ("At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, *damages for delay shall be added to the amount of compensatory damages*….") (emphasis added).

employee whole again. Otherwise, employees who are unjustly deprived of their wages by their employers, may be deterred from filing suit because of burdensome legal costs. Similarly, employees who do file suit and are successful, would be subjected to payment of a substantial part of their award (which represents earned compensation) as attorneys' fees. This would clearly undermine the intent of the statute[,] because employees who are unable to retain their wages will not be made whole. Without an award of attorneys' fees[,] the end result would be only a partial recovery under the statute.

*Ambrose v. Citizens Nat. Bank of Evans City*, 5 A.3d 413, 420-21 (Pa. Super. 2010) (quoting *Oberneder v. Link Computer Corp.*, 674 A.2d 720, 722 (Pa. Super. 1996), *aff'd* 696 A.2d 148 (Pa. 1997)).[9] We additionally acknowledge that in determining the amount of attorneys' fees to be awarded to a prevailing plaintiff under the WPCL, "the amount of compensatory damages is one of several considerations when assessing the reasonableness of an attorneys' fee request…." *Ambrose*, 5 A.3d at 418.

In distinguishing *LaRue*, Appellants claim that "[w]hile Rule 238 damages are an extension of the compensatory damages necessary to make the plaintiff whole, Appellants submit that the addition of attorneys' fees under the [WPCL] serves no such purpose." Appellants' Brief at 17. We must disagree based on the language of 43 P.S. § 260.9a(f) and the myriad of cases interpreting the WPCL, discussed *supra*. It is clear that the award

_____

[9] *See also Voracek*, 907 A.2d at 1109 ("The award [of attorneys' fees] clearly supports the purpose of the WPCL; namely, permitting [the a]ppellee to collect the severance payment which he was owed without causing him to incur the costs associated with the collection.").

of attorneys' fees under the WPCL accomplishes the purpose of making a plaintiff whole, just like the delay damages in *Allen* and *LaRue*. We are also not persuaded by Appellants' other attempts to distinguish an award of attorneys' fees from delay damages.[10]

Further, we do not believe Rule 1311.1 and the WPCL are "wholly inconsistent," as Appellants insist. As discussed above, Rule 1311.1 seeks to "reduc[e] time-and-expense-consuming litigation that siphons off judicial

_____

[10] Appellants claim that, "the award of attorneys' fees in excess of the Rule 1311.1 cap in the present case would neither serve to reduce the time and cost in calling witnesses, nor would it compensate a plaintiff for the delay in receiving funds otherwise due [to] him [or her]." Appellants' Brief at 17. Specifically, they state that, "[t]he advance calculation of an additional award of delay damages can be utilized by a defendant in evaluating settlement[,]" whereas Appellants here "had no advance knowledge of what [Appellee's] claim for attorney[s'] fees would ultimately be. Thus, they could not have considered the amount of legal fees in deciding whether to settle or proceed to trial." *Id.* at 17-18. We find this argument unconvincing and underdeveloped. Although Appellants may not have had advance knowledge of the specific amount of attorneys' fees sought by Appellee, Appellants knew, or should have known, that the WPCL mandates that prevailing plaintiffs receive reasonable attorneys' fees from defendants. Further, the trial court determined that the attorneys' fees and costs requested by Appellee were reasonable, noting that "this was a heavily contested matter and [Appellee's] counsel testified that settlement of this claim was not possible because there were other claims attendant to it that are still pending, and [Appellants] wanted and desired a global settlement of all claims, of which this claim was only one." TCO at 8.
Additionally, Appellants argue that, "unlike Rule 238 damages[,] the Rule 1311.1 election is a unilateral one made by the plaintiff. It is the plaintiff's own choice, and thus the plaintiff should remain bound by it." Appellants' Brief at 18. Appellants, however, overlook that the plaintiff in *LaRue* was not foreclosed from receiving delay damages in excess of Rule 1311.1's limit, even though he also agreed to limit the amount of damages he could receive. *See LaRue*, 885 A.2d at 551-52.

resources and drains plaintiffs' pockets." **See** TCO 4-5 (quoting **LaRue**, 885 A.2d at 555). In comparison, the WPCL provides a vehicle for plaintiffs to enforce payment of their wages and compensation, without requiring prevailing plaintiffs to expend their recovery on the costs incurred through their collection efforts. **See Ambrose, supra.** In this way, both Rule 1311.1 and the WPCL aim to make litigation more accessible and affordable to aggrieved litigants, particularly those with meritorious claims.[11] In this case, we believe we are promoting this overarching policy by interpreting "damages recoverable" in Rule 1311.1(a) to exclude attorneys' fees under the WPCL. Therefore, given the arguments advanced by counsel here and the facts of this specific case, we hold that attorneys' fees under the WPCL were properly awarded, even though they caused the total amount recovered by Appellee to exceed the limit set forth in Rule 1311.1.

Order affirmed.

_____

[11] Practically speaking, if Rule 1311.1 did limit attorneys' fees for plaintiffs under the WPCL, it would seriously hinder a plaintiff who has exceeded the $25,000 cap — like Appellee here — from engaging in post-trial and appellate litigation. Legal expenses, which presumably would have to be borne by prevailing plaintiffs if the cap is reached, would once again provide unfair leverage to employers and deter employees from litigating post-trial motions and appeals. Such a result would undermine the purposes of both Rule 1311.1 and the WPCL.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017