J-A29004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA F. MAGUIRE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES T. MAGUIRE | : | |
| | : | |
| Appellant | : | No. 340 WDA 2019 |

Appeal from the Decree Dated February 4, 2019
In the Court of Common Pleas of Butler County Civil Division at No(s):
F.C. No. 15-90180-D

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 07, 2020**

James T. Maguire (Husband) appeals from the February 4, 2019 decree in divorce from Barbara F. Maguire (Wife).  Additionally, in an order, dated November 13, 2018, the trial court denied Husband's exceptions to the Master's Report and adopted the Master's Report, incorporating it into its November order relating to the division of marital property.[1]  After review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Husband initially appealed from the November 13, 2018 trial court order. However, in an order dated January 17, 2019, this Court dismissed Husband's appeal because no final decree in divorce had been entered.  **See Campbell v. Campbell**, 516 A.2d 363 (Pa. Super. 1986) (stating that an appeal of equitable distribution prior to the entry of a decree of divorce is interlocutory). After the divorce decree was entered on February 4, 2019, Husband filed an appeal on March 1, 2019, which is now the appeal before this Court.

Before we may reach any issues raised in Husband's appeal, we must address Wife's Motion to Quash Husband's appeal based upon his failure to conform to the Pennsylvania Rules of Appellate Procedure, which Wife contends substantially inhibited both her ability to respond and this Court's ability to properly review the matter. In her Motion to Quash, Wife specifically asserts that Husband's designation of the parts of the record was not filed as required by Pa.R.A.P. 2154(a).[2] Wife also claims that the reproduced record did not contain a copy of the Master's Report, which is essentially the basis for the trial court's decision. Additionally, Wife points out that Husband's brief fails to include citations to the record to accompany the facts upon which he relies, contending that this omission violated Pa.R.A.P. 2117(a)(4)[3] and Pa.R.A.P. 2119(e).[4] Furthermore, Wife asserts that Husband's Statement of Questions Involved lists 27 separate issues, which are not concise and include

---

[2] Rule 2154 requires the filing of a designation of the parts of the record that the appellant intends to reproduce, and a brief statement of the issues he intends to present.

[3] Rule 2117(a)(4) requires that in the statement of the case section of the appellant's brief, he or she must provide "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found."

[4] Rule 2119(e) requires that in the argument section of the appellant's brief, he or she must "set forth … either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(a)…."

unnecessary detail, thus, violating Pa.R.A.P. 2116(a).[5]  Lastly, Wife cites

Pa.R.A.P. 2101, which provides that:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Thus, Wife argues that in light of Husband's numerous violations of the rules,

his appeal should be quashed.

We decline to quash Husband's appeal despite the numerous violations

of the rules he has committed, the most egregious of which are the lengthy

list of issues raised and his failure to provide citations to the record.  Despite

Husband's breach of the rules, we conclude that Wife's brief provides a clear,

substantive argument that reveals she was not prejudiced.  Moreover, we are

not precluded from performing effective appellate review.  ***See Grimm v.

Universal Medical Services, Inc.***, 156 A.3d 1282, 1284 n.2 (Pa. Super.

2017) (admonishing the appellant for noncompliance with the rules but

refusing to quash the appeal because this Court was not precluded from

properly evaluating and addressing the issues raised); ***see also Hagel v.

United Lawn Mower Sales and Service, Inc.***, 653 A.2d 17, 19 (Pa. Super.

---

[5] Rule 2116(a) requires initially that "[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.  The statement will be deemed to include every subsidiary question fairly comprised therein."

1995) (noting that defects in the reproduced record were not serious enough to preclude the proper evaluation of the substantive arguments).

Therefore, we now turn to the substance of Husband's appeal, and are guided by the following principles:

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.
>
> **Smith v. Smith**, 904 A.2d 15, 18 (Pa. Super. 2006) (quoting **McCoy v. McCoy**, 888 A.2d 906, 908 (Pa. Super. 2005)). As we previously observed, in the context of an equitable distribution of marital property, a trial court has the authority to divide the award as the equities presented in the particular case may require. **Mercatell [v. Mercatell]**, 854 A.2d [609,] 611 [(Pa. Super. 2004)]. "In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." **Morgante v. Morgante**, 119 A.3d 382, 387 (Pa. Super. 2015) (quoting **Biese v. Biese**, 979 A.2d 892, 895 (Pa. Super. 2009)). "[A] master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." **Moran v. Moran**, 839 A.2d 1091, 1095 (Pa. Super. 2003).

**Cook v. Cook**, 186 A.3d 1015, 1025-26 (Pa. Super. 2018).

Our review of Husband's 27 issues reveals that he is simply contending that the trial court's findings of fact and credibility determinations are in error. In other words, Husband is essentially arguing that in making specific findings, the court should have considered and found credible his testimony relating to

the value of various items of real and personal property and his contributions of time and money to the accumulation of the marital property. Husband overlooks this Court's standard of review that compels us to defer to the trial court's factual findings so long as they are supported by the record. **See M.G. v. L.D.**, 155 A.3d 1083, 1091 (Pa. Super. 2017). **See also In re Donna W.**, 472 A.2d 635, 639 (Pa. Super. 1984) (stating that "an appellate court is not free to nullify the fact-finding function of the hearing judge but, rather, is bound by, and must accept as its point of departure, the facts as found by the trial judge"). Moreover, "the credibility of the witnesses and the weight to be given to their testimony by reason of their character, intelligence, and knowledge of the subject can best be determined by the judge before whom they appear." **In re Donna W.**, 472 A.2d at 639. Our review of the record reveals that the trial court's findings, with its reliance on the Master's Report, are supported by the record. Therefore, we conclude there is no basis upon which to reverse the trial court's decision and Husband has not convinced us otherwise.

Decree in divorce affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2020

- 5 -